Salvatore Locicero and Another, Appellants, *v.* Alfred Messina, Respondent, Impleaded with Angelo Sciascia, Defendant.

First Department, December 8, 1933.

*Enos S. Booth* of counsel [*Harris Jay Griston* and *Gordon S. P. Kleeberger* with him on the brief; *Oscar L. Meyerson,* attorney], for the appellants.

*F. A. W. Ireland* of counsel [*Ireland, Caverly & Hendrickson,* attorneys], for the respondent.

Untermyer, J. The action is to recover damages for personal injuries alleged to have been sustained by both plaintiffs resulting from a single accident. The defendant Sciascia was not served.

The testimony of the plaintiffs was to the effect that on December 2, 1929, while walking on the sidewalk of Bay street, in Staten Island, they were struck by the truck of the defendant Messina, driven by the defendant Sciascia, his employee. The plaintiffs testified that immediately after the accident they mounted the truck and were driven to the ferry in the town of St. George, where Sciascia gave to each plaintiff a piece of paper on which was written a number corresponding to the license number of the truck. The defendant Messina, called as a witness in his own behalf, testified that about two weeks after the accident the plaintiffs called on him and that he sent for Sciascia who, in the presence of both plaintiffs, admitted that an accident had occurred. Messina further testified

that he had been unable to locate the driver of the truck and that for that reason he was not produced as a witness for the defendant.

At the trial both plaintiffs testified concerning the accident and that it had occurred while they were on the sidewalk of Bay street. Their evidence was entirely uncontradicted and was corroborated by evidence that the driver of the truck had admitted to his employer that an accident of some kind had occurred. The court submitted to the jury as an issue of fact the question whether the accident had occurred through the negligence of the driver of the truck, and the jury returned a verdict in favor of the defendant, which the court refused to set aside.

We think the verdict is contrary to the evidence and that the plaintiffs' motion to set it aside should have been granted. It is true that Cimino's credibility was so shaken on cross-examination that the jury was fully justified in disregarding his testimony. However, the cause of action of each of the plaintiffs was completely established by Locicero, whose testimony was not contradicted nor improbable, nor otherwise affected by any suspicious circumstance. His testimony established that the plaintiffs were struck by the defendant's truck while they were on the sidewalk of Bay street. That circumstance, unexplained by other evidence, was sufficient to establish the negligence of the driver of the truck and the freedom of the plaintiffs from contributory negligence. Even though given by an interested party, it was evidence which the jury was not at liberty to disregard. Where " the evidence of a party to the action is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities; nor, in its nature, surprising or suspicious, there is no reason for denying to it conclusiveness." (*Hull* v. *Littauer*, 162 N. Y. 569, 572.) To the same effect are *Second National Bank* v. *Weston* (172 N. Y. 250, 258); *Gnichtel* v. *Stone* (233 id. 465, 469); *New York Bankers, Inc.*, v. *Duncan* (257 id. 160, 165); *Chapin-Owen Co., Inc.*, v. *Yeoman* (233 App. Div. 492); *Littlefield* v. *Lawrence* (83 id. 327, 329). In *Chesapeake & Ohio Railway* v. *Martin* (283 U. S. 209), also, many authorities in this and other jurisdictions were carefully compared and the same rule was held to prevail in the Federal courts.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellants to abide the event.

FINCH, P. J., MERRELL and TOWNLEY, JJ., concur; GLENNON, J., dissents and votes to affirm.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.