In the Matter of the Probate of the Last Will and Testament of JOZEF AUGUSTINI, Also Known as JOSEPH AUGUSETINE and as JOSEPH AUGUSTINE, Deceased. ELSIE CONKLIN and JULIA LITCHER, Proponents, and MARY SROMOFSKY, Residuary Legatee, Appellants; VICTOR AUGUSTINE, Also Known as VICTOR AUGUSTINI, Respondent.— Decree of the Surrogate's Court of Queens county, as resettled, denying admission to probate of a paper dated March 29, 1937, as the last will and testament of decedent, on the ground of undue influence, reversed on the law and the facts, with costs to appellants payable out of the estate, and matter remitted to the Surrogate's Court for the entry of a decree directing that such paper be admitted to probate as the last will and testament of the decedent. In our opinion contestant's proof was insufficient to warrant the submission to the jury of the issue of undue influence. Appeal from order denying motion to set aside verdict and for a new trial dismissed. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.

ALMA EVANS JACKSON, an Infant over the Age of Fourteen Years, by BETTY JACKSON, Her Guardian ad Litem, Respondent, v. ISAAC DICKMAN and Others, Copartners, Doing Business under the Firm Name and Style of I. DICKMAN & SONS, and ANTHONY M. LOTERO, Appellants. WILLIAM HART, Respondent, v. ISAAC DICKMAN and Others, Copartners, Doing Business under the Firm Name and Style of I. DICKMAN & SONS, and ANTHONY M. LOTERO, Appellants.—Two actions, consolidated for trial, to recover damages for personal injuries as a consequence of a collision between a truck and an automobile and between the automobile and a motorcycle upon which plaintiffs were riding. Judgment for the plaintiffs against the defendants reversed on the law and the facts and new trial granted, costs to abide the event. It was error as to defendant Lotero to exclude evidence that plaintiff Hart made statements that the accident was not due to the fault of Lotero. It is not a prerequisite to the receipt of an admission made by a party against his interest that such admission be under oath. It was not error to exclude the stenographer's minutes of the hearing in the magistrate's court [City Magistrates' Court] since those minutes had not been properly proved. In view of the reversal as to defendant Lotero, in the interests of justice there should be a new trial as to the defendants Dickman. Lazansky, P. J., Carswell and Close, JJ., concur; Johnston and Adel, JJ., concur for reversal of the judgment and the granting of a new trial as to defendant Lotero, but dissent as to defendants Dickman and vote to reverse on the law and dismiss the complaint as to them.