ANNE V. COLBY and BERTHA HARMON FORCE, as Executrices, etc., of LILY LAWLOR, Deceased, Respondents, v. FELIX WILDEN-STEIN, Defendant, Impleaded with WILDENSTEIN & Co., INC., Appellant.

First Department, February 16, 1940.

*Edgar J. Bernheimer* of counsel [*Sydney J. Schwartz* with him on the brief; *Hollander & Bernheimer*, attorneys], for the appellant.

*Isaac N. Jacobson* of counsel [*Edward D. Brown* and *Edward R. Aranow* with him on the brief; *Brown & Pollack*, attorneys], for the respondents.

UNTERMYER, J. The action was instituted by plaintiffs' testatrix, one Lily Lawlor, who will be referred to as the plaintiff, to recover sums alleged to be due from both defendants under an agreement whereby she was to be paid commissions at the rate of ten per cent on the sale by the defendant Wildenstein & Co., Inc., of paintings and works of art. Lily Lawlor died during the pendency of the action, which was thereafter continued by her executrices. On a previous trial, in the course of which the complaint was dismissed as against the defendant Felix Wildenstein, he testified as a witness for the plaintiff. A mistrial, however, was declared.

On the present trial the plaintiff was compelled to rely principally on the testimony of Felix Wildenstein at the earlier trial and on his examination taken before trial, both as an individual defendant and as president of the corporation. If Felix Wildenstein's testimony on these occasions is fully accepted, then it must be held that the plaintiff failed to establish any cause of action. She contends, however, that she is entitled to the benefit of Wildenstein's testimony concerning the character of the arrangement between the parties as modified by other conflicting evidence. Assuming this to be true, a consideration of the entire record satisfies us that upon the contested issues in the case the testimony of Felix Wildenstein is not shown to be untrue or improbable and that, accordingly, it must be given full effect, since it is the only substantial evidence of the contract in the present record. (*Hull* v. *Littauer,* 162 N. Y. 569; *Locicero* v. *Messina,* 239 App. Div. 635.)

Wildenstein & Co., Inc., was engaged in the sale of paintings and other works of art, with places of business in New York and Paris. Felix Wildenstein was its New York manager. Until a short time previous to the first trial, Felix Wildenstein owned a twenty per cent stock interest in the corporation, and one Georges Wildenstein the remaining eighty per cent. The plaintiff appears to have been well acquainted in circles where patrons of art would be likely to be found. She appears also to have been socially a friend of Felix Wildenstein. It is her theory that she entered into a contract with the defendant corporation through Felix Wildenstein, under which she would receive a ten per cent commission on the amount of all sales made to purchasers whom she might introduce

to said defendant or whose names she might suggest. If sustained in this respect, she would be entitled to recover $28,500. It is furthermore her contention that such commissions were to be calculated on the full purchase price without deduction for any work or works of art that might be accepted from the purchaser " in trade " or part payment. Such commissions would amount to $7,609.79.

Disregarding for the moment an item of $709.79, the controversy concerns the terms of the oral agreement under which the plaintiff would receive commissions. Wildenstein testified that the agreement, first made in 1916 with respect to a particular purchaser but subsequently extended to include others, did not entitle the plaintiff to commissions on account of a mere casual introduction of a prospective purchaser to the firm, but would only apply where the plaintiff was " instrumental in bringing about a sale." If, however, the plaintiff was instrumental in producing a sale, she would be entitled to commissions on all sales made thereafter to the same customer. Felix Wildenstein also testified that the amount of the commission was to be computed at the rate of ten per cent " on cash sales that she realized, payable to her when we were actually paid. This commission was to be based on cash transactions and not on pictures or objects that were returned to us."

It is thus evident that the plaintiff cannot recover commissions on merchandise received " in trade " unless she can establish by other direct or circumstantial proof that the contract entitled her to full compensation on the nominal purchase price even though the defendant received in payment, not cash, but other works of art on which a further commission would presumably be payable whenever they were sold. On that issue, the defendant established that on such occasions deductions had been made from the amount of the plaintiff's commissions for works of art received " in trade " apparently without any objection by the plaintiff at the time. It is true that it does not appear that the plaintiff received statements disclosing the precise method by which these commissions had been calculated, but it is not unreasonable to assume that, on account of her personal contract both with the purchasers and with the defendant, she was aware of the amounts involved in these large transactions. To sustain her claim on this issue the plaintiff relies partly on an allegation in the defendant's answer which admits " payment to plaintiff of 10% of the gross total sum payable by such persons for such merchandise in certain instances." Obviously, the limitation to " certain instances " renders this allegation worthless to the plaintiff, since it is conceded that in instances where no " trade in " was involved she was entitled to

receive, and did receive, ten per cent of the total sum paid by the purchaser.

The plaintiff relies also on an alleged admission by Felix Wildenstein in his examination before trial, but a close examination of this, when read in its context, and even disregarding an amendment by the witness made before his deposition was signed, satisfies us that it is susceptible of an interpretation not inconsistent with his testimony at the trial.

In addition to the plaintiff's claim for commissions on sums deducted for works of art received " in trade," she claims commissions on sales by the defendant to Mrs. Robert W. Schuette. Mrs. Schuette, although apparently available to both parties, was not called as a witness by either. The evidence, however, is uncontradicted that at some time between 1920 and 1923, the plaintiff visited the defendant's showrooms in New York city in company with Mrs. Schuette and introduced her to Felix Wildenstein. The record does not disclose the nature of the visit, nor does it even indicate that any works of art were then exhibited to Mrs. Schuette. There is indeed a reference to her in the plaintiff's letter to Felix Wildenstein of February 25, 1925, wherein she wrote: " Have you seen Mrs. Schuette? She is very nice." To this Wildenstein replied on March 13, 1925: " Have not seen Mrs. Schuette although I wrote to her several times." These references to Mrs. Schuette in which she is referred to as " very nice " are as consistent with a social as with a business relationship and do not militate, we think, against Felix Wildenstein's testimony. The transactions with Mrs. Schuette on which the plaintiff claims commissions did not occur until November 25, 1927, and February and December, 1929. They were concluded by Joseph Stransky, also a personal friend of Mrs. Schuette. Stransky was employed by the defendant in March, 1925, under a contract which entitled him to ten per cent of " the net purchase price " of works of art sold by the defendant to buyers " procured by you " (Stransky). The evidence establishes conclusively that Stransky was instrumental in concluding these transactions and that Stransky received his commission of ten per cent on the selling price. Under these circumstances, we think the verdict of the jury awarding to the plaintiff a ten per cent commission on these sales, if not without evidence, is at least against the weight of the evidence.

The plaintiff has also recovered for a balance of $709.79 on other transactions extending over a long period of time. It is sufficient to say that, after a careful examination of the evidence, we find no such balance to be due.

Upon the present record we would perhaps be justified in dismissing the complaint. We refrain from doing so, however, for the reason that the plaintiff's difficulty in establishing a cause of action if one exists, though great, may not be insurmountable. We have concluded, therefore, to reverse the judgment and to order a new trial. In doing so, we do not pass upon the other questions argued by the parties on this appeal.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'MALLEY and GLENNON, JJ., concur; MARTIN, P. J., and TOWNLEY, J., dissent.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.