LOUIS H. RIEDELL, Respondent, v. S. KARPEN & BROS. and LABORATORY FURNITURE Co., INC., Appellants (by Way of Original Summons) and GERTRUDE CHORNY, Doing Business as WYCKOFF GLASS WORKS, and LOUIS CHORNY,

Impleaded Respondents (by Way of Supplemental Summons).— Action to recover damages for personal injuries sustained by plaintiff, a pedestrian on the sidewalk adjoining a building owned by defendant S. Karpen & Bros., the third floor in the building being under lease and in the possession of defendant Laboratory Furniture Co., Inc., when struck by glass that fell from said building. Certain damaged panes of glass on the third floor of the building were being replaced by impleaded defendant Gertrude Chorny, who had been engaged as an independent contractor by defendant owner. The pane had been installed by the contractor, and the window was thereafter opened by an employee of defendant-tenant. When the window was opened, the pane which fell, together with other panes, extended over the sidewalk. Judgment in favor of plaintiff and impleaded defendants Gertrude and Louis Chorny, and against defendants S. Karpen & Bros. and Laboratory Furniture Co., Inc., reversed on the law and the facts and a new trial granted, costs to abide the event. In our opinion, defendant-tenant Laboratory Furniture Co., Inc., should have been permitted, if it could, to introduce evidence that lights of glass installed by the contractor, other than the pane which fell, were installed without adequate support. Such evidence is admissible under adequate safeguards as to whether or not there had been changes in conditions between the time of installation and the time of inspection. (*Faucett* v. *Nichols*, 64 N. Y. 377; *People* v. *Molineux*, 168 id. 264; *Altman* v. *Ozdoba*, 237 id. 218; *Eder* v. *Post & McCord*, 135 App. Div. 859.) The jury was free to find that the tenant's employee opened the ventilating window negligently. In view of the reversal of the judgments in favor of the contractor Gertrude Chorny and her agent, and against the owner of the building, there should be a new trial as to all the parties, in the interest of justice. Carswell, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., concurs except as to granting a new trial as against defendant S. Karpen & Bros., as to which he dissents and votes to dismiss the complaint as to that defendant on the ground that there is no proof of negligence on its part.