ALVIN FRIEDMAN, Respondent, v. CITY OF NEW YORK, Appellant, and ROSE SABELLA et al., Respondents.—

Wenzel, Murphy and Ughetta, JJ., concur; Nolan, P. J., and Beldock, J., concur insofar as the judgment in favor of defendant Rose Sabella against defendant city is reversed and a new trial granted, but dissent insofar as said judgment in favor of plaintiff against defendant city is reversed and a new trial granted and vote to reverse said judgment insofar as it is in favor of plaintiff against defendant City of New York and to grant a new trial unless plaintiff, within twenty days from the

entry of the order hereon, stipulate to reduce the verdict in his favor from $40,000 to $25,000, in which event, the judgment as so reduced is affirmed, with the following memorandum: Defendant city contends, *inter alia,* that the trial court erred in refusing to charge, on request, as against defendants Sabella, the provisions of subdivision 3 of section 15 of the Vehicle and Traffic Law, and that if the trial court had so charged, the jury could have found that the negligence of said defendants was the sole proximate cause of the accident. The record discloses that plaintiff's attorney had no objection to the charge requested, and that the charge would have been made if it were not for the objection of the attorney for defendants Sabella. In our opinion, it was error to refuse to charge as requested with respect to the statutory duty of the driver of the Sabella car. However, the error, although it may have prevented a recovery by plaintiff against defendants Sabella, did not affect the verdict insofar as it was in plaintiff's favor and against defendant city. The trial court had charged, without exception, that the negligence of defendants Sabella could be found to be the sole cause of the accident and that the jury could hold the Sabellas solely liable only if it should be found that defendant city was free of fault and that "the condition of the street had nothing to do with Sabella's action". By its verdict the jury found that the city was not free of fault and that its negligence was the proximate cause of the accident. Having made this finding, the jury could not, under the law of the case as embodied in the charge, have held the Sabellas solely liable. Under the circumstances disclosed, plaintiff, who was in no way responsible for the error, should not be denied enforcement of a judgment against the city, to which he is entitled. (Cf. *Price* v. *Ryan,* 255 N. Y. 16; *Nekris* v. *Yellen,* 302 N. Y. 626.) His recovery should be limited, however, to an amount commensurate with his injuries. The verdict in the amount of $40,000 was excessive.