Rolf G. Grote et al., Appellants-Respondents, *v.* Jonbert Realty Corporation, Appellant, and Long Island Lighting Company et al., Respondents.

Second Department, December 31, 1955.

*Max J. Gwertzman* for appellants-respondents.

*Frederick P. Close, Earl J. Nettleton, Alfred W. Bressler, Arnold A. Jaffe* and *Horace Michelson* for appellant.

*Norman Bard* and *Samuel Pivar* for Long Island Lighting Company, respondent.

*Lillian E. Cuff* and *Hobart R. Marvin* for Karlson & Reed, Inc., respondent.

*John D. Kelly, Richard Formidoni* and *Joseph F. O'Brien* for Joseph Salerno and others, doing business as R. Salerno & Sons, respondents.

*Per Curiam.* Defendant Jonbert Realty Corporation was developing a tract of land in Port Washington, Nassau County, in which plaintiffs had their homes. Defendants Long Island Lighting Company and Karlson & Reed, Inc., installed the gas main and lateral pipe connected with it, which supplied gas to the home of plaintiffs Rolf and Ruth Grote. The defendants Salerno, doing business as R. Salerno & Sons, supplied the bulldozer and operator to prepare the sidewalk area for the laying of concrete. While the bulldozing was in progress, there was an explosion of gas in the home of plaintiffs Rolf and Ruth Grote, which they claimed resulted from negligence in the installation of the lateral pipe and in the operation of the bulldozer. As the result of the explosion, the other plaintiffs suffered different damage for which they seek to recover in this action. On consent of all the parties, a jury trial was confined to the issues of liability of the defendants to plaintiffs, and the liability over of some defendants to other defendants. At the end of the proof, the complaint was dismissed as to R. Salerno & Sons. The parties stipulated that only if the verdict was against a defendant could the Trial Judge pass on the cross claims to determine whether there was passive or active negligence of such defendant. There was a verdict in favor of plaintiffs against defendant Jonbert Realty Corporation, and in favor of defendants Long Island Lighting Company and Karlson & Reed, Inc., against plaintiffs. Thereupon, all cross claims of the defendants were dismissed.

Defendant Jonbert Realty Corporation appeals from so much of a resettled order, dated September 30, 1954, as denied its motion, on the minutes of the Trial Judge, to set aside the verdict in favor of plaintiffs against it, and as dismissed its cross claims against defendants Long Island Lighting Company and Karlson & Reed, Inc. Plaintiffs appeal (a) from so much of the said order as denied their motion, on the minutes of the Trial Judge, to set aside the verdict of the jury in favor of defendants Long Island Lighting Company and Karlson & Reed, Inc., and (b) from an order, dated February 15, 1955, which denied their motion to set aside the dismissal of the complaint, at the end of the proof, as to R. Salerno & Sons.

In our opinion, a new trial should be granted as to the liability of all defendants to plaintiffs.

As to defendant Jonbert Realty Corporation, it was error to charge, as matter of law, that the operator of the bulldozer was for the time being the employee of Jonbert, for whose negligence it was chargeable. The evidence presented a question of fact

for the determination of the jury. (Cf. *Stone* v. *Bigley Bros.*, 285 App. Div. 457, affd. 309 N. Y. 132.) For that reason, the dismissal of the complaint against R. Salerno & Sons was erroneous.

The verdict in favor of defendants Long Island Lighting Company and Karlson & Reed, Inc., is against the weight of the evidence. In any event, in view of the granting of a new trial as against defendant Jonbert, there should be a new trial against the defendants Long Island Lighting Company and Karlson & Reed, Inc., in the interests of justice. (*Riedell* v. *Karpen & Bros.*, 263 App. Div. 961; *Jackson* v. *Dickman*, 256 App. Div. 925; *Gaetjens* v. *City of New York*, 132 App. Div. 394, 396.) Furthermore, it was error to refuse to charge, at the request of Jonbert Realty Corporation, that Karlson & Reed, Inc., had knowledge that sidewalks were to be laid and were under a duty to install the lateral pipe a reasonable distance below the finished grade of the sidewalk. In our opinion, plaintiffs may take advantage of that error. (*Friedman* v. *City of New York*, 286 App. Div. 881.)

Plaintiffs did not timely move to set aside the dismissal of the complaint as to R. Salerno & Sons and for a new trial. (Civ. Prac. Act, § 549; Rules Civ. Prac., rule 60-a.) They have not, however, lost the right to appeal from the final judgment which the parties have consented shall not be entered until the jury trial as to damages. In view of the determination here that it was error to hold as a matter of law that the operator of the bulldozer was the employee for the time being of Jonbert Realty Corporation, the time of the parties and the courts would be saved if the order dated April 5, 1954, which postpones the entry of final judgment were modified to permit the entry of judgment on the dismissal of the complaint as to R. Salerno & Sons in order that plaintiffs may, if so advised, appeal from such judgment of dismissal before a retrial of the issue of liability against the other defendants.

The resettled order dated September 30, 1954, should be modified by striking therefrom the provision denying the motion of Jonbert Realty Corporation to set aside the verdict against it and in favor of plaintiffs and for a new trial, and by substituting therefor a provision that the motion be granted; by striking from said order the provision denying plaintiffs' motion to set aside the verdict against them and in favor of Long Island Lighting Company and Karlson & Reed, Inc., and for a new trial, and by substituting therefor a provision that the motion be granted; and by striking from said order the provisions

dismissing the cross claims asserted by Jonbert Realty Corporation, Long Island Lighting Company and Karlson & Reed, Inc. As so modified, the order insofar as appealed from should be affirmed, without costs.

The order, dated February 15, 1955, should be affirmed, without costs, and without prejudice to an application to modify the order dated April 5, 1954, so as to permit the entry of a judgment dismissing the complaint against R. Salerno & Sons.

SCHMIDT, BELDOCK and UGHETTA, JJ., concur; NOLAN, P. J., and MACCRATE, J., concur in the affirmance of the order dated February 15, 1955, and in the modification of the order dated September 30, 1954, insofar as the motion of Jonbert Realty Corporation to set aside the verdict against it and in favor of plaintiffs is granted, but dissent insofar as plaintiffs' motion to set aside the verdict against them in favor of Long Island Lighting Company and Karlson & Reed, Inc., is granted, and insofar as the provisions with reference to the cross claims are struck out, with the following memorandum:

On these appeals plaintiffs' sole contention as against Long Island Lighting Company and Karlson & Reed, Inc., is that the verdict in favor of those defendants is against the weight of the evidence. Plaintiffs do not claim that there was error in the receipt of evidence or in the charge as to the obligations of those defendants in the installation of the lateral pipe. On this record it cannot be said that there was a preponderance of evidence showing negligence on the part of those defendants. In view of the form of the stipulation at the trial submitting the cross claims to the trial court for determination, the form of the decision dismissing the cross claims asserted by Jonbert Realty Corporation was not improper. (Civ. Prac. Act, § 440.)

Resettled order dated September 30, 1954, modified by striking therefrom the provision denying the motion of Jonbert Realty Corporation to set aside the verdict against it and in favor of plaintiffs and for a new trial, and by substituting therefor a provision that the motion be granted; by striking from said order the provision denying plaintiffs' motion to set aside the verdict against them and in favor of Long Island Lighting Company and Karlson & Reed, Inc., and for a new trial, and by substituting therefor a provision that the motion be granted, and by striking from said order the provisions dismissing the cross claims asserted by Jonbert Realty Corporation, Long Island Lighting Company and Karlson & Reed, Inc. As so modified, order insofar as appealed from affirmed, without costs.

Order dated February 15, 1955, affirmed, without costs, and without prejudice to an application to modify the order dated April 5, 1954, so as to permit the entry of a judgment dismissing the complaint against R. Salerno & Sons.