JOHN E. EISELE, Respondent, *v.* EDWARD H. MALONE et al., Appellants.

First Department, November 27, 1956.

*B. C. Kelly* of counsel (*Mendes & Mount,* attorneys), for appellants.

*Eugene L. Bondy* of counsel (*Bondy & Schloss,* attorneys), for respondent.

RABIN, J. This is an appeal from a jury verdict resulting in judgment for plaintiff in an action for personal injuries alleged to have been caused by the malpractice of the individual defendant, Dr. Edward H. Malone, and the negligence of the corporate defendant, the Louden-Knickerbocker Hall, Inc., a private sanitarium. Plaintiff suffered compression fractures of four spinal vertebrae in the course of eight electric shock treatments administered to him in the aforesaid sanitarium by the individual defendant, a psychiatrist in the employ of the sanitarium. These fractures were alleged to have required later major surgical operation and to have caused pain, suffering, and permanent injuries.

The malpractice charged to the psychiatrist was in continuing the shock treatments despite symptoms of a spinal fracture after the first such treatment. The continued treatment is claimed to have caused the fracture to spread. Plaintiff charges the hospital with negligence for failure to provide adequate X-ray facilities alleging that X-ray investigation in the described circumstances was essential, would have disclosed the fracture after the first treatment, and would have thereby prevented the serious injuries of which plaintiff complains.

The issues of fact were tried, and submitted without material exception to the jury which returned a verdict for the plaintiff for $5,000 against the psychiatrist and for $25,000 against the hospital. The Trial Judge denied defendant's motions directed to the verdict, including the one addressed to the contention that the verdict was improper for attempting to apportion damages, and the judgment here on appeal was entered thereon. Appellants challenge the sufficiency of the evidence and claim the verdict defective in its apportionment of damages. No other error is assigned.

In view of the record, we have no occasion to disturb or even discuss the jury's verdict concerning the issue of malpractice; this finding is warranted by the proof. We likewise find the verdict invulnerable in concluding, as the jury here must have done, that a private sanitarium devoted to treating psychiatric disorders, and administering shock treatment in connection

therewith, is negligent if it fails to maintain X-ray equipment for use in the course of such treatment. (*Volk* v. *City of New York*, 284 N. Y. 279; *Peck* v. *Towns Hosp.*, 275 App. Div. 302.)

The liability of the hospital, however, requires that its negligence constitute the proximate cause of the injuries cited; the absence of X-ray facilities must be directly related to and causative of plaintiff's condition. Although the Trial Judge explicitly left this question to the jury at the request of defendants, the proof does not sustain the jury's conclusion thereon. Dr. Malone testified that in his opinion the circumstances of plaintiff's case did not warrant X-ray investigation. Other uncontradicted testimony indicated the availability to Dr. Malone, as well as to the sanitarium, of adequate X-ray facilities in an adjoining hospital. No doubt the jury believed that Dr. Malone would have ordered X rays for plaintiff if such facilities were available on the premises, but the proof provides no sufficient affirmative basis therefor. For this reason the judgment against the sanitarium must be reversed. A new trial is ordered since, as Judge UNTERMEYER has said, " the plaintiff's difficulty in establishing a cause of action * * * though great, may not be insurmountable " (*Colby* v. *Wildenstein*, 258 App. Div. 628, 632; see, also, *Kemp* v. *New York Central R. R. Co.*, 246 App. Div. 789). In the interests of justice, such a new trial must be ordered as to the individual as well as the corporate defendant (*Riedell* v. *Karpen & Bros.*, 263 App. Div. 961), particularly in view of the contention of plaintiff that the apportionment of damages by the jury can be sustained only if the verdict as to both defendants is modified and confined to the sum of $25,000 — the verdict awarded against the hospital (cf. *Farber* v. *Demino*, 254 N. Y. 363; *Polsey* v. *Waldorf-Astoria*, 216 App. Div. 86). Even if the rule urged by plaintiff to save the verdict from the error of apportionment is here applicable, it would be unjust for the individual defendant alone to be assessed with a verdict the jury expressly levied solely upon the hospital, particularly since the alleged liability of these defendants was not based upon a common tort.

It may be noted that some testimony was offered on behalf of the plaintiff to the effect that in most qualified hospitals it is the practice to make use of X ray both prior to and in the course of shock treatments. That evidence suggests that it may be proper practice for a hospital to promulgate and perhaps enforce a rule that its employees use X ray in connection with shock treatments. The evidence given was insufficient however to support a finding that the hospital had an obligation to do so. It may very well be that evidence of recognized hospital prac-

tice may be available to establish such an obligation. Inasmuch as that issue was not specifically raised or presented to the jury, we leave the determination of that question for the new trial ordered, should the plaintiff wish to present that issue and should the court determine that he may be permitted to do so in the interest of justice.

Likewise there is evidence in the instant case that the defendant hospital undertook more than to merely furnish facilities and personnel for the care and treatment of patients — its ordinary function. That evidence would seem to indicate that the hospital itself undertook to furnish shock treatments and charged the patient a specified fee therefor. The evidence in this respect however was not fully developed at the trial. Should it be found that the hospital had agreed to provide these treatments for a fee, as distinguished from merely furnishing facilities, it may possibly be held liable for all damages resulting from the improper administration of the shock treatments. That would not be in conflict with the rule expressed in *Schloendorff* v. *Society of N. Y. Hosp.* (211 N. Y. 125). It is also quite possible, in the circumstances of the present case, that the hospital may be held responsible for the neglect of its paid employee (Dr. Malone). (See *Berg* v. *New York Soc. for Relief of Ruptured & Crippled,* 1 N Y 2d 499.) Of course, the pleadings in the present case do not raise the precise questions here discussed, although the proof does present them. We therefore do not here pass upon them.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

BREITEL, J. P., BOTEIN and FRANK, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.