Bernard S. Meyer, J.
This is an action for personal injuries suffered when the plaintiff was struck by defendant’s automobile while plaintiff was on the 33rd Street sidewalk in Manhattan. The testimony, which establishes that plaintiff was about to enter Grimbel’s Department Store and that defendant’s car mounted the curb at an angle, crossed the sidewalk and struck plaintiff and the department store window at approximately the same time, would be sufficient, unexplained by any other evidence, to establish the negligence of defendant and the freedom of plaintiff from contributory negligence. (Locicero v. Messina, 239 App. Div. 635.) There is here further evidence of defendant’s negligence in his inability to state whether his brakes were ever applied after the car had left the roadway and begun to travel across the sidewalk.
The evidence concerning damages was sharply disputed. Plaintiff and her employer testified that she was regularly employed three days a week as a saleslady prior to the accident, but were unable to produce any records substantiating their statements. Plaintiff’s attending physician was not called, but plaintiff makes claim for his services by showing an indefinite number of visits and the total amount paid. Even if the court were to take judicial notice of the rates charged by general practitioners in the community, there is no evidence here to show the number of visits for which charge was made. Accordingly, in the computation of damages this item has been excluded. Plaintiff was examined by a neurologist who gave a diagnosis of post-concussion syndrome as evidenced by anxiety, depression, insecurity, intolerance to noise, continuing head *919 ach.es and dizziness, and of a nerve root injury in the cervical area, but was unable definitely to state that the nerve root injury was permanent or whether operative procedures would be required to correct it. He did testify that the anxiety and nervousness would in his opinion respond to psychiatric care.
The court finds that plaintiff’s injuries occurred as a result of the negligence of the defendant and without any contributory negligence on the part of the plaintiffs and resulted in damage to the plaintiff wife in the amount of $8,000 and to her husband in his action for loss of services and medical expenses in the amount of $2,000.
This constitutes the decision of the court under section 440 of the Civil Practice Act and all motions on which decision was reserved at the trial are disposed of accordingly.
Settle judgment.