Bernard S. Meyer, J.
The plaintiffs are the father who was driving, the mother who was seated on the right-hand side in the front and the daughter who was seated in the back seat behind her mother, in a station wagon, which, on June 9, 1957, was proceeding west on Old Country Road. The day was clear and dry. The accident occurred at about 7:35 p.m. in full daylight. The station wagon had entered Old Country Road at Meadowbrook Parkway and proceeded west. Approaching Washington Avenue, the station wagon was slowed down for the traffic light which, however, turned to green before it came to a full stop. Between Washington Avenue and Roslyn Road there is a small park area on the north side of Old Country Road. At this point, Old Country Road is divided by a center white line and has two travel lanes and one parking lane on *450 each side. Plaintiff father places his line of travel about 8 feet to the north of the center white line and testified that his car came to rest, after the impact, approximately 5 feet north of its line of travel. The photographs in evidence confirm his testimony. A jeep owned by defendant Kikta and operated by defendant Hardy was traveling east on Old Country Road. Plaintiff testified that he first saw the jeep when it was east of Willis Avenue; that he next saw it about 100 to 200 feet away from him proceeding due east and that it continued straight until it reached a point approximately opposite the middle of a gasoline station on the north side of Old Country Road and then suddenly swerved across the white line and into plaintiffs’ car.
Defendant admits that he saw plaintiffs’ station wagon when it was at the intersection of Old Country Road and Washington Avenue; that he was about 25 feet from the gasoline station at the time; that he did not stop before he turned, but slowed down; that he was looking into the gasoline station and not at the plaintiffs ’ station wagon as he traversed the intervening 25 feet; and that as he looked up again, plaintiff was directly in front of him and part of his car was north of the center line. He admits and the photographs confirm that the impact occurred approximately 100 feet west of Roslyn Road on the northernmost side of what would be the westbound passing lane.
Defendants moved at the end of plaintiffs’ case to dismiss the complaint for failure to show negligence on the part of the defendants and for failure to show freedom from contributory negligence. Both motions are denied. While it is true that Galbraith v. Busch (267 N. Y. 230) holds that proof merely of the sudden swerving of an automobile from its own lane is not prima facie evidence of negligence, that case concerned an action by a passenger who was held to have assumed the risk of one of the two possible causes of the swerving (negligent operation or negligent maintenance) and who, therefore, was required to show that the probable cause was a violation of a duty owed him. Where the action is brought by a third party, the swerving of an automobile into the opposing lane of travel is sufficient to make out a prima facie case where there is no other factor present (such as skidding) which could have caused the occurrence without defendant’s fault. (Cf. Locicero v. Messina, 239 App. Div. 635, and my decision in Hornecker v. Weisse, 19 Misc 2d 917, with Lo Piccolo v. Knight of Rest Prods. Corp., 7 A D 2d 369.)
The same motions were repeated at the end of the whole case and are likewise denied for the reasons above stated and for *451 the additional reason that on the basis of the testimony- of defendant Hardy, it appears that he made his turn into the path of westbound traffic without keeping that traffic under observation. (Montgomery v. Humphrey, 284 App. Div. 365.)
The court finds that the accident occurred through the negligence of the defendant Hardy, for which defendant Kikta is also answerable, in turning across oncoming traffic between intersections without warning and without keeping that traffic under observation. The court further finds that all of the plaintiffs are free from contributory negligence; the mother and daughter because they were passengers exercising no control and the driver because he had a right to assume that defendant Hardy would not turn across ■ his lane of travel between intersections without warning.
Plaintiff Martha Laukaitis, the daughter, suffered a laceration of her lower lip and loosened teeth which required dental attention, for which injuries the court awards to her by her guardian ad litem judgment of $500 on the first cause of action. The second cause of action is dismissed for failure of proof of damage. Plaintiff, Edward Laukaitis, the driver, suffered contusions and abrasions of his arms, legs, jaw and shoulder and pain in his cervical and dorsal spine, as a result of which he was unable to work for a period of 11 days. For the above injuries and for his loss of earnings and medical expenses, the court awards judgment to the plaintiff Edward Laukaitis on the fifth cause of action in the amount of $1,500. Plaintiff Bertha Laukaitis was in the Nassau Hospital for 10 days, in a cast for 4 weeks and used crutches for about 4 months. She suffered a cerebral concussion as a result of which she continues to have headaches, a lumbo-sacral strain, pain and contusion of the pelvis, right knee and left shoulder and a sprain of the right foot in the area of the second metatarsal of sufficient severity to require casting and crutches as above referred to, and which still makes it impossible for her to wear high heel shoes. A claim was also made for a premature ventricular contraction but the court finds that any heart eccentricity from which she may suffer was not traumatic in origin and did not result from t.hia accident. The testimony of her general practitioner to the contrary was a conclusion drawn mainly from the fact that plaintiff had not had such a condition prior to the accident. The court accepts the testimony of defendant’s cardiologist that such an eccentricity if accident connected would have made itself evident within a few days rather than, as in this case, not until the passage of 4 months. For the above injuries the court awards judgment to plaintiff Bertha Laukaitis on the third cause *452 of action in the amount of $5,000, and for medical expenses' of and loss of the services of Bertha Laukaitis, awards Edward Laukaitis on the fourth cause of action judgment in the amount of $1,500. The above constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment.