HELENA APARTMENTS, INC. v MALAK

1. NEGLIGENCE—EVIDENCE—PRIMA FACIE EVIDENCE.

A plaintiff who had presented evidence that a defendant's truck left the travelled portion of the roadway, came up over the sidewalk, and struck plaintiff's apartment building had established a prima facie case of negligence.

2. NEGLIGENCE—PRIMA FACIE CASE—BURDEN OF PROOF—APPEAL AND ERROR—PRESERVING QUESTION—QUESTION OF LAW.

Failure of a plaintiff in a negligence action to affirmatively present in the trial court the theory that the evidence established a prima facie case of negligence and that the burden then shifted to the defendant to present sufficient exculpatory proofs to rebut the prima facie case so established does not preclude the Court of Appeals from considering such theory because the theory advanced by the plaintiff on appeal relies on the same facts as those presented in the trial court and involves solely a question of law.

3. AUTOMOBILES—NEGLIGENCE—PRIMA FACIE CASE—BURDEN OF PROOF.

The fact that a trial judge was unable to determine which of two defendants was at fault in a case where one of the defendants ran a red light resulting in a collision which caused damage to the plaintiff's building illustrates that the one defendant whose vehicle struck the building failed, as a matter of law, to meet the burden of producing sufficient exculpatory evidence to show that it was not through his fault that the damage to plaintiff occurred, and consequently failed to rebut a prima facie case of negligence.

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 November 26, 1973, at Detroit. (Docket No. 15185.) Decided March 4, 1974. Leave to appeal applied for.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 57 Am Jur 2d, Negligence §§ 249, 254, 261.

Complaint in Common Pleas Court by Helena Apartments, Inc., against Harry F. Malak, Kenneth Belcher, and Bender & Loudon Motor Freight, Inc., for damages resulting from an automobile accident. Judgment for defendants. Plaintiff appealed to circuit court. Affirmed. Plaintiff appeals by leave granted. Reversed and remanded for new trial.

*Barris, Sott, Denn & Driker* (by *David L. Haron),* for plaintiff.

*Sanford N. Lakin, P. C.,* for defendant Harry F. Malak.

*Johnson, Campbell & Moesta,* for defendants Kenneth Belcher and Bender & Loudon Motor Freight, Inc.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

V. J. BRENNAN, P. J. Plaintiff, Helena Apartments, Inc., appeals upon leave granted from a decision of the Wayne County Circuit Court affirming a judgment of no cause of action entered by the Common Pleas Court of Detroit in favor of defendants after trial without a jury.

On August 8, 1968, a collision occurred at the intersection of Forest Street and Woodward Avenue in the City of Detroit between two vehicles driven by defendant Harry F. Malak and defendant Kenneth Belcher, an employee of Bender & Loudon Motor Freight, Inc. Defendant Malak, accompanied by his family, was driving south on Woodward Avenue at the time of the accident and

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

defendant Belcher was travelling east on Forest Street in a semi-tractor-trailer en route to the truck terminal after completing his day's work. Both parties entered the intersection believing they had the green light and collided. Defendant Malak's car was spun around by the impact while defendant Belcher's truck continued through the intersection, veered to its right, and hit an apartment building owned by plaintiff, causing several thousand dollars worth of damage.

This action, seeking damages for the amount expended in repairing the apartment building, was brought by plaintiff in three counts, two alleging negligence on the part of a particular defendant and the third seeking to hold defendant Bender & Loudon Motor Freight, Inc., liable for the negligence of defendant Belcher. Much of the testimony presented at trial was devoted to establishing which defendant, Malak or Belcher, negligently ran the red light. Witnesses were presented in support of each defendant's claim that he had the green light and, thus, properly entered the intersection. The trial judge expressed his inability to determine, on the evidence presented, which driver ran the red light and, therefore, entered judgment of no cause of action in favor of the defendants because plaintiff failed to preponderate in showing negligence on the part of either defendant Malak or defendant Belcher. This determination was upheld by the Wayne County Circuit Court and plaintiff now appeals.

It is plaintiff's contention that a prima facie case of negligence was established against defendant Belcher after plaintiff had presented evidence establishing that Belcher's truck left the travelled portion of the roadway, came up and over the sidewalk, and struck the apartment building.

Plaintiff contends that the burden then shifted to defendant Belcher to present sufficient exculpatory proofs to rebut the prima facie case so established. Defendant Belcher maintains that the failure of plaintiff to affirmatively present this theory below precludes us from considering it on appeal. We disagree. It is our considered opinion that the general rule relied on by defendant should not preclude us from reviewing this case. The theory advanced by plaintiff on this appeal relies on the same facts as those presented below and solely involves a question of law. We feel that the failure of plaintiff's attorney to advance this theory below was not based on trial tactics and should not, in light of the factual circumstances of this case, redound to the detriment of this plaintiff.

There is no question that the plaintiff herein was an innocent third party injured as the result of a collision between the two principal defendants. One of the defendants negligently ran a red light resulting in the collision which caused the damage to plaintiff. The trial court, however, felt that plaintiff failed to establish by a preponderance of the evidence which defendant had done so and therefore entered judgment of no cause of action. By directing his focus of inquiry to the question of which defendant ran the red light, the trial judge ignored the fact that defendant's truck was out of the normal course of travel and upon an area reserved for pedestrians and buildings. We are of the opinion that the above facts, in themselves, were sufficient to establish a prima facie case of negligence on the part of defendant Belcher. *Hornecker v Weisse,* 19 Misc 2d 917; 189 NYS 2d 671 (1959); *Locicero v Messina,* 239 App Div 635; 267 NYS 901 (1933). See *Linberg v Stango,* 211 Cal 771; 297 P 9 (1931); *Brown v Des*

*Moines Steam Bottling Works,* 174 Iowa 715; 156 NW 829 (1916); *Shepherd v Marcum,* 334 SW2d 903 (Ky, 1960); 4 Blashfield, Automobile Law & Practice (3d ed), § 146.1. After plaintiff presented the facts establishing such a prima facie case, the burden of proceeding with the proofs shifted to defendant Belcher who, in order to escape liability, was required to produce sufficient exculpatory evidence to show that it was not through his fault that the damage to plaintiff occurred. The fact that the trial judge was unable to determine which defendant was at fault in the case at bar clearly illustrates that defendant, as a matter of law, failed to meet his burden. *Morton v Wibright,* 31 Mich App 8; 187 NW2d 254 (1971). Accordingly, we reverse and remand this case for a new trial in accordance with the legal principles outlined above.

Reversed and remanded for proceedings not inconsistent with this opinion.

All concurred.