(May 13, 1982)

■ JORDAN KALFUS, Appellant, v MICHAEL MARGOLIES et al., Respondents. — Judgment, Supreme Court, New York County (Blangiardo, J.), entered on August 20, 1981, which awarded plaintiff-appellant damages, with interest from August 8, 1980, in the total amount of $6,724.01, is unanimously reversed, on the law and the facts, and the matter remanded for an inquest on the issue of damages, to the extent indicated herein, with $75 costs and disbursements of this appeal to abide the event. Plaintiff tenant is the lessee of apartment 4A in a building located at 126 East 35th Street. The lease with Nottinghill Realty Corporation and Thomas Moringiello, defendants herein, was to terminate on June 30, 1978. However, plaintiff rightfully exercised his options to renew and this lease now expires on June 30, 1982. In mid-1976, plaintiff's business required that he temporarily leave the State of New York. Therefore, he entered into a sublease for his apartment with defendants Margolies and Holland Industries, Incorporated, for a one-year period from July 1, 1976 to June 30, 1977. This sublease was, thereafter, once extended for an additional year. The apartment was also sublet fully furnished with plaintiff's property. A list of these belongings was attached to the sublease. At the conclusion of plaintiff's out-of-State business dealings he returned and, at the end of the term of the sublease, attempted to re-enter into possession of the apartment. The defendants refused to vacate and plaintiff commenced a summary proceeding to oust defendants. Approximately two years later, on August 28, 1980, plaintiff was able to enter into possession of the apartment. However, some six months prior to defendants' eviction, the defendant Michael Margolies purchased the building. In any event, it is alleged that during this period of holdover, the Margolies caused certain damage to the apartment. Plaintiff maintained that structural changes were made to the apartment in violation of the sublease; plaintiff's furnishings had been removed to a warehouse; and these furnishings were damaged and destroyed. Plaintiff then commenced this action seeking reimbursement for these damages. The defendants failed to appear for trial, a default judgment was entered and an inquest held to fix damages. The court, after hearing the testimony of plaintiff and that of an expert appraiser, awarded damages in the amount of $5,880, with interest from August 8, 1980. Plaintiff appeals asserting that the sum awarded is insufficient. We agree, but only to a limited extent. At the inquest, a qualified appraiser testified for the plaintiff that he examined the premises and the property of plaintiff. This appraiser concluded that the damages to the apartment and the furnishings therein totaled $15,576.47. A certified appraisal report was also submitted to substantiate this claimed loss. At the hearing, the defendants presented no evidence to controvert this expert testimony. The court, however, only awarded $4,050 as damages for the repairs enumerated in the appraiser's report. The court failed to provide any reasoning for reducing this aspect of damages and the record is devoid of any testimony, whatsoever, to sustain this determination. The only testimony concerning damages to the apartment came from plaintiff and the expert employed by

him. Apparently, the defendants chose not to contest this view of damages. The court, nevertheless, abused its discretion by making a finding for which there is no support. We must, therefore, remand this issue for a proper determination. We have reviewed each of the other points raised by plaintiff and find those to be without merit. Concur — Murphy, P. J., Ross, Lupiano, Fein and Lynch, JJ.