■ MID HUDSON RECREATIONAL CENTERS, INC., et al., Respondents-Appellants, v BERNARD FALLON, as Chairman of the Legislature of the County of Rockland, et al., Defendants, and COUNTY OF ROCKLAND, Appellant-Respondent. — In an action to recover damages for, *inter alia,* breach of contract, the County of Rockland appeals from an amended judgment of the Supreme Court, Rockland County (Ruskin, J.), dated June 3, 1982, which was against it and in favor of plaintiff Mid Hudson Recreational Centers, Inc., in the principal sum of $110,000, after a nonjury trial, and plaintiffs cross-appeal on the ground of inadequacy, from so much of the amended judgment as set the amount of the award. Amended judgment reversed, on the law and the facts, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Rockland County, for a new trial limited to the issue of damages only. The findings of fact with respect to liability are affirmed. The Supreme Court, Rockland County, correctly found in favor of plaintiff Mid Hudson Recreational Centers on the issue of constructive eviction, and appellant's arguments as to the impropriety of that determination are without merit. The court's determination on the issue of damages, however, cannot be sustained. The uncontroverted testimony of plaintiffs' expert established damages of $632,750, based on his opinion as to the actual rental value of the premises at the time of the constructive eviction, and the difference between that figure and the agreed rent for the unexpired portion of the term. It is well established that the measure of general damages for wrongful eviction is the value of the unexpired term of the lease at the time of eviction, over and above the rent reserved by the terms of the lease (see *Mack v Patchin,* 42 NY 167). In awarding plaintiff Mid Hudson Recreational Centers $110,000, the court stated that the value fixed by the expert was not realistic in light of all the circumstances adduced at trial. The court considered the fact that the health club operated on the demised premises was not financially successful. Under all the circumstances, the court found $110,000 to be "a more realistic and equitable amount to be awarded". Initially, we find that the success of the business which has been wrongfully evicted is not a factor to be considered in determining damages. It is the actual rental value of the property that is relevant. This was determined by plaintiffs' expert based on the "prime" location of the property in question. If the court reduced the amount of damages merely because the health club was not a financial success, it was incorrect. Furthermore, the court neither furnished an explanation as to how it reached a figure of $110,000, nor provided any reasoning for reducing the amount of the damages as estimated by plaintiffs' expert. The record is devoid of any testimony to sustain the determination. Accordingly, the issue must be remitted to the Supreme Court, Rockland County, for a proper determination of damages (see, e.g., *Kalfus v Margolies,* 88 AD2d 528). Titone, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.