■ DENNIS' NATURAL MINI-MEALS, INC., Appellant, v 91 FIFTH AVENUE CORP., Respondent. [618 NYS2d 771] —Order, Supreme Court, New York County (William J. Davis, J.), entered on or about March 9, 1993, which vacated the recommendation of the Special Referee dated November 5, 1992, remanded the matter for a report and recommendation specifically as to the difference between the market rental value and the rent reserved in the lease, but excluded the second five year option to renew; order of said court and Justice entered on or about September 16, 1993, which denied in part and confirmed in part the report of the Special Referee dated June 3, 1993 and set the matter down for a hearing for final determination of the assessment of damages; and order and judgment (one paper) of said court and Justice entered May 13, 1994, which awarded plaintiff a total of $448,860.50, unanimously modified, on the law, and on the facts, to award plaintiff a total of $2,347,051.95, with interest from February 20, 1990, without costs.

The trial court properly determined plaintiff's damages as the difference between the market value of the premises and the rent reserved in the lease *(see, Mid Hudson Recreational Ctrs. v Fallon,* 96 AD2d 855). However, fair market value of the leasehold includes the value of plaintiff's renewal right, since the law assumes a renewal where the market value of the property is greater than the rent reserved under the lease *(see, Great Atl. & Pac. Tea Co. v State of New York,* 22 NY2d 75, 84).

In addition, judicial estoppel precludes the defendant from maintaining that the value of the premises was less than $75 per square foot, the position it vigorously asserted at trial *(see, e.g., Karasik v Bird,* 104 AD2d 758). Since the actual size of the premises is 3,498 square feet, the proper value of plain-

tiff's damages is $2,347,051.95, plus interest from February 20, 1990. Concur—Sullivan, J. P., Carro, Rosenberger, Williams and Tom, JJ.