■ GENERAL ELECTRIC COMPANY, Respondent, v INTER-AMERICA MARKETING SYSTEMS, INC., Appellant, and GENERAL ELECTRIC PLASTICS STRUCTURED PRODUCTS EUROPE, BV., et al., Respondents, et al., Counterclaim Defendants. [632 NYS2d 554] —Order, Supreme Court, New York County (Walter Schackman, J.), entered November 10, 1994, which, *inter alia*, granted plaintiff's motion for summary judgment dismissing the counterclaims, unanimously modified, on the law, to the extent of reinstating the third and fourth counterclaims, and otherwise affirmed, with costs payable to plaintiff.

The IAS Court properly invoked the doctrine of judicial estoppel to preclude those counterclaims dependent upon defendant's contention that plaintiff and its foreign subsidiaries were not separate entities since defendant successfully advanced the diametrically opposite position at the trial of plaintiff's claims (*see, Kimco of N. Y. v Devon*, 163 AD2d 573, 574-575; *see also, Dennis' Natural Mini-Meals v 91 Fifth Ave. Corp.*, 209 AD2d 262). However, the court erred in dismissing the third and fourth counterclaims since defendant alleged that not only the European subsidiaries but also plaintiff interfered with its contractual and business advantage. The contention is made directly against plaintiff and thus, is not dependent upon any particular relationship between plaintiff and its subsidiaries. Concur—Sullivan, J. P., Kupferman, Williams and Tom, JJ.