■ GLORIA MATCH, Respondent, v ROBERT MATCH, Appellant. —Order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered May 1, 1987, which, *inter alia,* awarded plaintiff-respondent $11,000 maintenance per month, directed that defendant-appellant pay the expenses of two East Hampton cooperative apartments and granted plaintiff-respondent use and occupancy of the smaller of these two units, directed that defendant-appellant continue existing life insurance coverage with the plaintiff-respondent as beneficiary, granted the plaintiff-respondent use of the 1981 Honda Accord, and awarded an interim fee of $15,000 to plaintiff-respondent's counsel, to be paid by defendant-appellant pending a hearing on plaintiff's application for counsel fees, is unanimously modified, on the law, on the facts and in the exercise of discretion, to reduce the monthly maintenance award to $7,000, and the order is otherwise affirmed, without costs or disbursements.

After a thorough review of the record and consideration of the points raised on appeal, we conclude that under the facts of this case the maintenance award to plaintiff of $11,000 a month is excessive and unfair to the defendant.

Plaintiff is expected to earn annual wages this year of $30,000. Last year defendant earned almost $211,000, which, with a projected cost of living increase of between 5 and 8%, will be increased this year to between $222,000 and $229,000. Defendant will also earn interest income of approximately $10,000. He will also have approximately $60,000 worth of his living and entertainment expenses defrayed by his employer, because of his position as chief executive officer of a hospital. Defendant has been directed to pay plaintiff maintenance in the amount of $132,000 per year. This will increase plaintiff's income to $162,000 per year. Plaintiff has additionally been awarded use and occupancy of a second home, in East Hampton, at defendant's expense, which will cost him nearly $20,000 a year to maintain.

While plaintiff's income will grow dramatically, defendant's income, after deducting the maintenance award and the expenses of maintaining the two East Hampton apartments, as directed by the court, will be reduced to between $52,000 and $59,000. Even taking into account the $60,000 in the perquisites provided by defendant's employer, defendant's income will be substantially less than plaintiff's. Put another way, defendant has been ordered to pay more than half his income to plaintiff.

In awarding this level of maintenance, the trial court focused much too narrowly on the factor of prior standard of living, albeit a very important factor, without giving due regard to the equally important factor of the fairness of the award to defendant. The award ignores the fact that a primary reason plaintiff enjoyed a fairly luxurious standard of living, which included an apartment at the most exclusive address in Manhattan, extensive travel and entertainment, was because those very expenses were paid by the husband's employer and were provided on a tax-free basis to the couple. To now expect that the husband maintain plaintiff at that standard of living out of his income, and require that he provide plaintiff with sufficient income so that she can maintain this standard after taxes, even if it means depleting more than half his salary, is to require that his income provide what it did not even do during the marriage.

Under the facts of this case, therefore, a monthly maintenance award of $11,000 is excessive, and we reduce it to $7,000 a month. This amount, in addition to plaintiff's own salary and the other benefits to which she is entitled under the order, will be sufficient to ensure that plaintiff still enjoy a relatively affluent style of life. Concur—Kupferman, J. P., Carro, Kassal and Rosenberger, JJ.