■ PHILIP M. WARSHAW, Respondent-Appellant, v BARBARA L. WARSHAW, Appellant-Respondent.—Judgment, Supreme Court, New York County (David B. Saxe, J.), entered September 15, 1989, which after trial granted plaintiff a divorce on the grounds of cruel and inhuman treatment, awarded defendant maintenance of $2,000 per month plus payment of rent or additional maintenance of $1,500 per month if evicted from the marital apartment, the cost of medical insurance and up to $450 per month for unreimbursed psychiatric expenses, all for a period of five years, together with a distributive award of $13,288 and counsel fees of $39,000, is unanimously modified, on the law and the facts, so as to direct plaintiff to obtain life insurance on his life for the benefit of defendant for the duration of the maintenance award in the amount of $75,000, and otherwise affirmed, without costs.

The parties, ages 45 and 40, respectively, were married four years. There are no issue of the marriage, although plaintiff, a salesman for his father's company earning a gross salary of approximately $125,000, did support defendant's son from a previous marriage. The parties maintained a luxurious standard of living, generally as a result of plaintiff's father's largess. Defendant did not work during the marriage, suffers from depression and is presently unable to support herself.

Defendant contends that plaintiff failed to establish his entitlement to a divorce on the grounds of cruel and inhuman treatment, which requires a showing of serious misconduct. (Domestic Relations Law § 170 [1]; *Brady v Brady,* 64 NY2d 339.) The findings of the trial court that certain conduct constituted cruel and inhuman treatment on this issue will not be lightly set aside on appeal *(Rieger v Rieger,* 161 AD2d 227) and special deference is paid to the trial court's determination of credibility in weighing conflicting testimony *(see, Rispoli v Rispoli,* 131 AD2d 556, *lv denied* 70 NY2d 609). While many of the allegations were disregarded by the trial court as uncorroborated *(see, Lind v Lind,* 89 AD2d 518, *affd* 58 NY2d 965; *but see, D'Amato v D'Amato,* 96 AD2d 849), the credited evidence was sufficient to warrant the trial court's conclusions.

The court properly considered the factors set forth in Domestic Relations Law § 236 (B) (6) in determining maintenance, taking into account plaintiff's father's contributions *(Match v Match,* 134 AD2d 210). The court fixed a duration for maintenance which would afford defendant both the opportunity and incentive to become self-supporting *(Reina v Reina,* 153 AD2d 775), as there was no showing that plaintiff's depression rendered her an "emotional cripple" who would require maintenance of unlimited duration *(cf., Malamut v Malamut,* 133 AD2d 101, 103). However, to secure payment of maintenance in the event of plaintiff's death, the court should have directed plaintiff to obtain life insurance for the benefit of defendant *(see, Delaney v Delaney,* 114 AD2d 312). The policy in the amount of $75,000 currently maintained should be retained for the duration of the maintenance requirement. We see no abuse of discretion in dividing the marital properly equally between the parties, including the proceeds from the sale of the rights of purchase of the marital apartment *(Forcucci v Forcucci,* 83 AD2d 169, 171). Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.