■ DONNA LAPKIN, Respondent, v MITCHELL LAPKIN, Appellant. [617 NYS2d 327] —Order, Supreme Court, New York County (David B. Saxe, J.), entered October 28, 1993, which, *inter alia,* granted plaintiff *pendente lite* maintenance of $550 per week, child support of $450 per week, payment of private school tuition, custody, exclusive use and occupancy of the marital residence, payment of current rent and arrears, an order of protection and counsel and accountant fees of $20,000 and $5,000, respectively, unanimously affirmed, without costs.

The court was within its discretion to deviate from the statutory formula for child support (Domestic Relations Law § 240 [1-b] [c]) and calculate support based on factors including the financial resources of both parents, the educational needs of the children, and the family's marital standard of living (Domestic Relations Law § 240 [1-b] [f]). In determining the parties' resources for the purpose of child support, the court also properly attributed and imputed to defendant monies received from his parents (Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]). The court also balanced the factors in Domestic Relations Law § 236 (B) (6) in determining interim maintenance, especially the fact that plaintiff had not worked during the marriage but remained home to care for the children *(see, Kay v Kay,* 37 NY2d 632, 637-638), and properly imputed to defendant monies received from his parents *(see, Warshaw v Warshaw,* 169 AD2d 408, 409). Concur—Carro, J. P., Rosenberger, Ellerin, Nardelli and Tom, JJ.