■ JILL ISAACS, Respondent, v CHARLES ISAACS, Appellant. [667 NYS2d 740]—Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered March 21, 1996, which, *inter alia*, equitably distributed the parties' marital property, unanimously affirmed, with costs.

The trial court properly imputed income of $170,000 to the husband based on the perquisites of cash and other benefits he received from his company (Domestic Relations Law § 240 [1-b] [b] [5] [iv] [B]). The evidence demonstrated that the husband and his father received numerous cash outlays from the husband's company for personal expenses, that income from the wholly owned company of the husband's father went directly to the husband's company, that the husband could manipulate the finances of his company, and that there was a drastic decline in the husband's reported income immediately following the wife's commencement of the action.

The trial court properly refused to impute as income to the wife the gifts she received from her parents during the marriage, and during the pendency of this action, in the course of which the husband was refusing to provide support for her and the children (*see, Marino v Marino*, 229 AD2d 971; *Matter of Zwick v Kulhan*, 226 AD2d 734; *Huebscher v Huebscher*, 206 AD2d 295). Accordingly, the husband's child support obligation was properly calculated.

The award of rent and child support arrears was proper, since the husband failed to demonstrate good cause for failing to apply for relief from the pendente lite order prior to the accrual of the arrears (Domestic Relations Law § 244; *see, Wittich v Wittich*, 221 AD2d 236).

The trial court properly determined that the husband's

shares of stock in a formerly owned family company constituted part of his compensation during the marriage, in light of the conflicting testimony about the years over which the stock was gifted from the husband's father to the husband, the absence of any documentation concerning the alleged gifts, and the evidence that no shares in the same company were ever gifted by the father to the husband's sibling (*see, Sclafani v Sclafani*, 178 AD2d 830).

Finally, the trial court properly distributed the IRA based on the premise that no premature withdrawals were made, the evidence demonstrating that the husband made the withdrawals solely to pay his and his company's legal fees or his own personal expenses, and not to pay any marital debts.

We have considered the husband's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli, Rubin and Tom, JJ.