■ JOCELYNE WILDENSTEIN, Respondent-Appellant, v ALEC N. WILDENSTEIN, Appellant-Respondent. [674 NYS2d 665] —Order, Supreme Court, New York County (Marylin Diamond, J.),

entered March 5, 1998, which granted plaintiff wife's cross motion for pendente lite relief to the extent of awarding plaintiff, *inter alia*, $140,000 per month in temporary maintenance and $133,601 in interim counsel fees, and denied the motion with respect to plaintiff's application for interim expert fees and financial disclosure, unanimously modified, on the law and the facts, to the extent of granting that portion of plaintiff's motion for disclosure respecting defendant's ability to pay spousal maintenance, and otherwise affirmed, without costs. Defendant's appeal from an order, same court and Justice, entered February 10, 1998, denying his ex parte application for orders to show cause, unanimously dismissed, without costs, as taken from a non-appealable paper.

Under the circumstances of this case, the IAS Court did not err by imputing additional income to defendant husband based upon purported gifts from his father and upon monies funnelled to defendant through various companies purportedly owned by his father (*see, Isaacs v Isaacs*, 246 AD2d 428; *Lapkin v Lapkin*, 208 AD2d 474; *Warshaw v Warshaw*, 169 AD2d 408). Defendant's evident lack of candor with respect to the sources and nature of his actual income and perquisites justified an adverse inference against him with respect to his financial condition (22 NYCRR 202.16 [k] [5] [i]; *Glass v Glass*, 233 AD2d 274). Moreover, plaintiff's showing with respect to the extraordinarily lavish marital lifestyle provided a basis for the court to conclude that the husband's actual income and financial resources were substantially greater than he reported (*Hoenig v Hoenig*, 245 AD2d 262; *Kesten v Kesten*, 234 AD2d 427).

We modify only to afford plaintiff disclosure respecting the extent of defendant's capacity to meet spousal maintenance obligations. The Swiss post-nuptial agreement is silent on the issue of spousal support, and, therefore, does not bar financial disclosure with respect to issues pertinent to plaintiff wife's right to spousal maintenance (*cf., Oberstein v Oberstein*, 93 AD2d 374).

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.