■ PAM UNGER, Also Known as PAM B. UNGER, Respondent, v AARON J. UNGER, Appellant. [683 NYS2d 8] —Order and judgment (one paper), Supreme Court, New York County (Allen Murray Myers, J.H.O.), entered on or about June 27, 1997, which, pursuant to an order of reference, determined various issues respecting the parties' economic interests and obligations and which, *inter alia*, imputed income and assets to defendant husband and held defendant husband in contempt for his willful failure to make payments pursuant to court orders, unanimously affirmed, with costs.

Although defendant husband was unemployed at the time of the appealed determination, the Hearing Officer properly imputed an annual gross income of $115,000 to him in light of evidence that he had previously been compensated in that amount and that he had made no serious effort to become gainfully re-employed. Also properly considered by the Hearing Officer in determining whether income should be imputed to defendant and, if so, the extent thereof, was evidence of defendant husband's use of funds from various estate, business, and trust accounts to make loans and for personal expenditures (*see, Wildenstein v Wildenstein*, 251 AD2d 189; *Isaacs v Isaacs*, 246 AD2d 428). In this connection, we note in particular that the Hearing Officer's imputation to the husband of funds situated in the alleged Totten trust account of which defendant's brother was the nominal beneficiary, was fully warranted by evidence of defendant's withdrawal of money from that account to pay for his own expenses or to extend credit to himself and/or other entities or persons, which withdrawals constituted a revocation of the alleged trust (*see, Matter of Jergensen*, 131 AD2d 851, 852).

Finally, the evidence clearly and convincingly demonstrated the husband's willful violation of the pendente lite support orders (*see, Matter of Bickwid v Deutsch*, 229 AD2d 533, 535, *lv denied* 89 NY2d 802; *Orlando v Orlando*, 222 AD2d 906, 909, *lv dismissed in part and denied in part* 87 NY2d 1052).

We have considered defendant husband's related contentions

and find them unavailing. Concur—Rubin, J. P., Tom, Mazzarelli and Andrias, JJ.