OPINION OF THE COURT
Joseph P. Spinola, J.
Defendant wife moves for an order granting the following relief: (1) restraining and enjoining the plaintiff from mortgaging, refinancing, and/or increasing the home equity line of credit *222 or debt on the marital residence located at 10 Overlook Drive, Port Washington, New York, and (2) restraining and enjoining the plaintiff from disposing of, selling, transferring, liquidating, encumbering, or in any manner diminishing any marital assets, including but not limited to any interest in plaintiffs business, to wit: Fuel Digital, Inc., or any other business in which plaintiff has an interest, other than for ordinary day-to-day living expenses.
Plaintiff husband cross-moves for an order granting leave to refinance the existing mortgage on the marital residence located at 10 Overlook Drive, Port Washington, New York, and directing defendant to cooperate therein and an order permitting the plaintiff to trade and/or reinvest in marital investment accounts “in the course of prudent investing.”
Plaintiff first seeks an order granting leave to refinance the existing mortgage on the marital residence and directing the defendant to execute any documents necessary to secure refinancing of the loan on the marital premises.
The marital home was purchased with a mortgage interest rate of 7.5%. Refinancing at the anticipated rate of 5.5% will reduce the parties’ monthly payment. Defendant opposes the refinancing asserting that same will deplete the equity in the marital residence.
It is the court’s opinion that defendant’s position is untenable. The residence is undeniably a marital asset. As there are no minor children of the marriage, the only issues in the instant matter include the distribution of the marital assets. However, the defendant, by refusing to consent to refinance the existing mortgage on the marital residence, is reducing the value of distributable assets.
Without question, the law favors the preservation of marital assets and the court is empowered to protect and preserve marital assets for equitable distribution, especially where loss or dissipation would result. (Domestic Relations Law § 234; Rosenshein v Rosenshein, 211 AD2d 456 [1st Dept 1995]; Nebot v Nebot, 139 AD2d 635 [2d Dept 1988].)
The gravamen of plaintiffs motion is an application for affirmative injunctive relief to prevent the wasting of assets. It is plaintiff’s position that refinancing the existing mortgage on the marital residence would preserve the marital assets as the monthly payment of same would be significantly reduced and to prevent same would amount to wasteful dissipation. The court sees no cognizable distinction between an affirmative injunction and one in the nature of a prohibition.
*223 Section 234 of the Domestic Relations Law specifically empowers the court to determine any question as to the title or possession of property as between the parties in a matrimonial action, either in the final judgment or by one or more orders either prior to or subsequent to the final judgment, as in the court’s discretion, justice requires having regard to the circumstances of the case and the respective parties. This power to direct a party to deliver possession to the other party necessarily includes the power to prevent a party from frustrating such delivery by improper disposition of assets. That power of restraint is vital to meaningful enforcement of the equitable distribution statute.
In the instant matter, it is defendant’s refusal to execute the documents necessary to secure refinancing of the loan on the marital premises that is causing dissipation of marital assets. Therefore, it is no less necessary to the enforcement of the equitable distribution statute that the court have the power to direct an affirmative act as it is that the court have the power to restrain. The two are merely two ends of the same legal tool, the use of which end depends upon the wrong to be corrected.
For the foregoing reasons, plaintiffs motion is granted to the extent that plaintiff is granted leave to refinance the existing mortgage on the marital residence located at 10 Overlook Drive, Port Washington, New York. The refinance is explicitly limited to the amount of the current mortgage liability. Moreover, defendant is directed to cooperate and execute the documents necessary to secure refinancing of the loan on the marital premises.
Plaintiffs motion is denied in all other respects.
Defendant’s motion is granted to the extent that the parties are restrained and enjoined from disposing of, selling, transferring, liquidating, encumbering, mortgaging, increasing the home equity fine of credit or debt on the marital residence or in any manner diminishing any marital assets, including but not limited to any interest in plaintiff’s business, to wit: Fuel Digital, Inc., or any other business in which plaintiff has an interest, other than in the ordinary course of living and business and as delineated above.
Defendant’s motion is denied in all other respects.