■ OLGA ROSTROPOVICH, Respondent-Appellant, v OLAF GUERRAND-HERMES, Appellant-Respondent. OLGA ROSTROPOVICH, Respondent, v OLAF GUERRAND-HERMES, Appellant. [794 NYS2d 42]—

Judgment, Supreme Court, New York County (Emily Jane Goodman, J.), entered on or about January 26, 2004, inter alia, distributing the parties' marital property, unanimously modified, on the law and the facts, to the extent of vacating $356,250 of the award to plaintiff wife, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 8, 2003, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Order, same court and Justice, entered February 4, 2004, which denied defendant husband's posttrial motion to set aside the trial court's decision, unanimously affirmed, without costs. Order, same court and Justice, entered September 29, 2004, which granted the wife's motion to reject in part the Special Referee's report and awarded her legal fees and disbursements that the Special Referee had recommended be disallowed, unanimously affirmed, without costs.

In general, the distribution is properly based on a clear and vast economic disparity between the parties and findings of fact that rest largely on witness credibility and should not be disturbed on appeal (*see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495 [1992]). The trial court properly imputed income to the husband based on a pattern of gifts from his father, as compared to the nonimputed sporadic gifts from the wife's father, and correctly declined to hold that the wife had conclusively admitted that a certain debt was marital (*see Bogoni v Friedlander*, 197 AD2d 281, 293 [1994]; *compare Echavarria v Cromwell Assoc.*, 232 AD2d 347 [1996]). Under the circumstances, we modify to the extent indicated since the wife's efforts were not a factor in the appreciation of the Des Artistes cooperative. The awards of maintenance and child support are sufficiently supported by evidence of the parties' opulent lifestyle and the children's prior standard of living (*see Anonymous v Anonymous*, 286 AD2d 585, 586 [2001], *lv denied* 97 NY2d 611 [2002]). Since the Special Referee's determination

in this regard did not turn on credibility, the court properly refused to confirm the parts thereof that adopted a nonrequested and incorrect methodology for the award of disbursements and confused the basis for a small portion of the legal fees. No basis exists to disturb the awards of custody and visitation. The motion to set aside the trial court's decision was properly denied as untimely (CPLR 4405), since no excuse was offered for the lateness. In any event, the motion, which replicated several prior unsuccessful applications at both the trial and appellate level, was without merit. We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Marlow, Sullivan, Nardelli and Williams, JJ.