■ JANINE E. NEBONS, Respondent, v LEONARD NEBONS, Appellant. [811 NYS2d 90]—

In a matrimonial action in which the parties were divorced by judgment dated March 4, 1993, the defendant appeals, as limited by his brief, from so much of a money judgment of the Supreme Court, Nassau County (Ross, J.), dated September 13, 2004, as, after a hearing, and upon an order of the same court dated August 24, 2004, awarded the plaintiff the sums of $59,700 for certain furniture and furnishings, $397,058.44 for retroactive child support and arrears, and $5,196 for an attorney's fee.

Ordered that the money judgment is affirmed insofar as appealed from, with costs.

The defendant failed to comply with the provision in the parties' judgment of divorce that required him to provide proof of his income on a yearly basis, starting in 1993, in order for the plaintiff to effectuate applications for modification of child support for the parties' three children. At a hearing in 2003, counsel for the defendant submitted that the defendant, an investment banker with a history of high earnings, was unemployed and had no income, while the plaintiff submitted evidence that the defendant was residing and working as a banker in Russia where he had raised billions of dollars in capital for emergent companies.

In determining child support, the court may impute income based on a party's past income or earning potential (*see Kalish v Kalish,* 289 AD2d 202 [2001]; *Gezelter v Shoshani,* 283 AD2d 455 [2001]; *Zabezhanskaya v Dinhofer,* 274 AD2d 476 [2000]; *Wildenstein v Wildenstein,* 251 AD2d 189 [1998]).

The application of the statutory percentage of the Child Support Standards Act to parental income imputed to be more than $80,000 was a proper exercise of the Supreme Court's discretion (*see* Domestic Relations Law § 240 [1-b] [c] [2]; *Matter of Lava v Damianou,* 10 AD3d 420 [2004]; *Farag v Farag,* 4 AD3d 502 [2004]; *Kosovsky v Zahl,* 272 AD2d 59 [2000]).

The Supreme Court also properly credited the plaintiff's evi-

dence as to the value of household furnishings which the defendant was required to turn over to her and which were, instead, either missing, damaged, or destroyed (*see Cuozzo v Cuozzo,* 2 AD3d 665 [2003]; *Felicello v Felicello,* 240 AD2d 625 [1997]; *Griffin v Griffin,* 115 AD2d 587 [1985]; *Fassett v Fassett,* 101 AD2d 604 [1984]).

In light of the defendant's refusal to comply with the judgment of divorce and previous orders directing him to provide proof of his income, thereby compelling the plaintiff to bring enforcement proceedings, the court's directive that he pay her attorney's fees was a proper exercise of discretion (*see* Domestic Relations Law § 237 [b]; *Bugliari v Bugliari,* 169 AD2d 697 [1991]). Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.