■ JULIE LEVINE, Appellant, v ROBERT LEVINE, Respondent. [830 NYS2d 250]—

In a matrimonial action in which the parties were divorced by an amended judgment dated April 25, 2005, the plaintiff appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), dated June 20, 2005, which, after a hearing, inter alia, granted that branch of the defendant's cross motion which was to enforce certain provisions of the divorce judgment relating to distribution of personal property, (2) so much of an order of the same court entered July 19, 2005, as granted that branch of the defendant's cross motion which was for an award of an attorney's fee, and (3) so much of an order and judgment (one paper) of the same court dated November 15, 2005, as, upon the order entered July 19, 2005, awarded the defendant $1,500 as an attorney's fee.

Ordered that the appeal from the order entered July 19, 2005, is dismissed; and it is further,

Ordered that the order dated June 20, 2005, and the order and judgment are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the order entered July 19, 2005, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order entered July 19, 2005, are brought up for review and have been considered on the appeal from the order and judgment (*see* CPLR 5501 [a] [1]).

The plaintiff failed to comply with a provision of the divorce judgment requiring her to turn over to the defendant specific items of personal property awarded to him, labeled "Defendant's Personal Property" therein.

Contrary to the plaintiff's contention, the Supreme Court properly credited the defendant's evidence of the value of the subject items, "since he was familiar with the items," and the plaintiff was unable to challenge his testimony (*see Cuozzo v Cuozzo*, 2 AD3d 665, 665 [2003]; *see also Nebons v Nebons*, 26 AD3d 478, 478-479 [2006]).

In light of the plaintiff's refusal to comply with the judgment of divorce directing her to turn over specific items of the defendant's personal property, thereby compelling the defendant to cross-move for enforcement relief, the Supreme Court's

award of an attorney's fee was a proper exercise of discretion (*see* Domestic Relations Law § 237 [b]; *Nebons v Nebons, supra* at 479).

The plaintiff's remaining contentions are without merit.

Motion by the respondent on appeals from two orders of the Supreme Court, Westchester County, dated June 20, 2005, and entered July 19, 2005, respectively, and an order and judgment (one paper) of the same court dated November 15, 2005, inter alia, to strike, as academic, so much of point III of the appellant's brief as raises issues concerning the respondent's alleged failure (a) to turn over to the appellant the specific personal property awarded to her in the judgment of divorce, which is defined therein as "Plaintiff's Personal Property," and (b) to divide the jointly owned shares of Movie Star, Inc., as provided in the judgment of divorce. By decision and order on motion of this Court dated July 7, 2006, that branch of the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the motion which is to strike, as academic, so much of point III of the appellant's brief as raises issues concerning the respondent's alleged failure (a) to turn over to the appellant the specific personal property awarded to her in the judgment of divorce, which is defined therein a "Plaintiff's Personal Property," and (b) to divide the jointly owned shares of Movie Star, Inc., as provided in the judgment of divorce, is granted, and that portion of point III of the appellant's brief has not been considered in the determination of the appeal. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.