■ AMY FABRIKANT, Respondent, v JAY A. FABRIKANT, Appellant. [879 NYS2d 431]—

Judgment of divorce, Supreme Court, New York County (Saralee Evans, J.), entered December 12, 2007, which, to the extent appealed from as limited by the briefs, confirmed the findings of the special referee imputing annual income of $750,000 to defendant, unanimously affirmed, without costs.

The court properly confirmed the special referee's report, where, as here, it was supported by the record (*see Merchants Bank of N.Y. v Dajoy Diamonds*, 5 AD3d 167 [2004]; *Poster v Poster*, 4 AD3d 145 [2004], *lv denied* 3 NY3d 605 [2004]). The special referee relied on the uncontested, substantial earnings history of defendant (*see Unger v Unger*, 256 AD2d 220 [1998]; *see also Nebons v Nebons*, 26 AD3d 478 [2006]). The special referee also properly relied on the compelling testimony of the independent forensic accountant, who found that numerous companies with which defendant was affiliated or of which he was the sole owner were used to pay defendant's personal expenses or to "repay" "loans" allegedly made by him to the companies, for which there was no documentation. These companies, with cash flows that were not reflected on their income tax returns and having no apparent business purpose, reflected defendant's deliberate effort to reduce his apparent income thereby avoiding his obligations to plaintiff and his children (*see Cohen v Cohen*, 294 AD2d 184 [2002]; *Wildenstein v Wildenstein*, 251 AD2d 189 [1998]). The special referee also properly relied on the pattern of substantial gifts to defendant from his father to impute income to defendant (*see Rostropovich v Guerrand-Hermes*, 18 AD3d 211 [2005]; *Lapkin v Lapkin*, 208 AD2d 474 [1994]). While it is uncontested that defendant suffers from injuries incurred in a skiing accident, as well as other ailments, defendant's testimony that he was unable to work due to these injuries is unsupported by any medical evidence (*see Davis v Davis*, 175 AD2d 45, 47-48 [1991]; *see also Matter of Castillo v Castillo*, 23 AD3d 653, 654 [2005]), and is contradicted by defendant's own testimony about his traveling on business at a time when he was purportedly unable to travel or work and about his minimal requirements for work—a laptop and a telephone. The special referee properly rejected the testimony of defendant and his father, both convicted felons, that nearly $3 million provided to defendant by his father, unsupported by documentation except a promissory note prepared two days before the commencement of the hearing, was loans and not gifts. Also, to the extent defendant attempts to argue that his felony conviction caused a reduction in his earning capacity, the reduction was self-imposed and did not warrant a reduction in defendant's obligations to his former wife and his children (*see Matter of Knights v Knights*, 71 NY2d 865, 866-867 [1988]; *Matter of Commissioner of Social Servs. v Darryl B.*, 306 AD2d 54 [2003]). Defendant's arguments regarding inconsistencies in the special referee's report are unpersuasive, and his assertions that the forensic accountant lacked sufficient documentation to make conclusions about defendant's various companies is belied

by the record. Moreover, to the extent the accountant lacked such documentation it was due to defendant's failure to provide it, and his assertions to the contrary are not credible.

Motion seeking leave to dismiss appeal denied.

Concur—Friedman, J.P., Sweeny, Nardelli, Acosta and Richter, JJ.