Judgment, Supreme Court, Bronx County (Yvonne Gonzalez, J., and a jury), entered September 29, 2008, insofar as appealed from as limited by the briefs, apportioning fault 30% as against defendant-cross-appellant Shams Waterproofing and 35% each as against defendants Jerome Cluster and Jerome Construction, awarding plaintiff Jennifer Arrieta (Jennifer), jointly and severally against defendants, nothing for past pain and suffering and $100,000 for future pain and suffering for a period of one year, and awarding plaintiff Oscar Arrieta (Oscar), jointly and severally against defendants, nothing for past pain and suffering and $13,600 for future pain and suffering for a period of one year, reversed, on the law, without costs, Shams Waterproofing’s liability for noneconomic loss limited to its 30% proportionate share of fault, and the matter remanded for a new trial on the issue of damages.
The infant plaintiffs were struck by a piece of plywood dropped from a third-floor window and sustained various injuries. Jennifer, then aged 10, suffered a displaced fracture of the right femur and was placed in a full leg cast from her upper thigh down to her foot for a period of three months. Oscar suffered a tear of the radial collateral ligament in his right elbow, *496 as well as lacerations to his forearm and elbow, requiring him to wear a brace on his upper arm for eight months.
Jennifer’s treating orthopedist opined that she will require substantial future surgery because the fracture caused the growth plate on the right femur to close with the result that her right leg is two inches shorter than her left. The abnormal stresses on her knee, lower back, and hip will require surgical limb-lengthening, a painful process entailing two surgeries over the course of six months followed by extensive physical therapy. Oscar has continuing crepitus in his elbow and has developed arthritis, which will eventually require arthroscopic surgery.
After the court took the jury verdict, plaintiffs’ attorney announced that he had a motion that he was required to make before the jury was discharged. The court conducted a sidebar off the record, after which it discharged the jury. Immediately thereafter, counsel went on the record to state that his “application was to have the jury reconsider the verdict because it is, in my opinion, inconsistent ... to award future pain and suffering and future medical expense and not award past pain and suffering.” Counsel continued, “I believe you indicated that I was not waiving any rights and that you intended to discharge the jury in any event. But I want the record to be clear that I did, in fact, bring this to the court’s attention and did make an application that the verdict was inconsistent before the jury was discharged.” The court then responded, “Yes, that was stated at sidebar.” Defense counsel also confirmed this account of the sidebar. Judgment was ultimately entered on the verdict, and appellants have appealed from the judgment.
A party is required to preserve a claim that a verdict is inconsistent. In order to serve as a predicate for appeal, the issue must be raised before discharge of the jury so that the trial court may take corrective action to cure the inconsistency, including resubmitting the matter to the jury (Barry v Manglass, 55 NY2d 803, 806 [1981]). It is clear from the transcript of the proceedings that plaintiffs asserted the inconsistency in a timely fashion. The trial court erred in failing to consider their application and issue a ruling before discharging the jury. There was no need for counsel to further object when the jury was discharged since the court had already made clear, during the sidebar, that it was discharging the jury in any event.
In view of the awards of future pain and suffering to the infant plaintiffs, we perceive no rational explanation for the failure to award them damages for past pain and suffering. Because we direct a new trial as to damages, we do not reach plaintiffs’ claim that the amounts awarded are insufficient.
*497 As to the cross appeal, we note that the liability of defendant Shams Waterproofing for noneconomic loss, as a party responsible for 50% or less of total liability, is expressly limited to its apportioned fault (CPLR 1601). Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ.
McGuire, J., concurs in a separate memorandum as follows: I agree with the majority that a new trial on the issue of damages is required because the verdict was inconsistent. I write separately to address defendant Shams’ argument that because plaintiffs’ posttrial cross motion to set aside the verdict as inconsistent was untimely, we should reject plaintiffs’ claim that the verdict was inconsistent. In my view, the fact that the cross motion was untimely is not relevant on plaintiffs’ appeal from the judgment. Although CPLR 4405 provides that a posttrial motion “shall be made . . . within fifteen days after decision, verdict or discharge of the jury,” an appellant’s failure to abide by this time limitation is of no consequence on an appeal from the judgment where, as here, the appellant has timely appealed pursuant to CPLR 5513. As plaintiffs were not required by law to raise in a posttrial motion their claim that the verdict was inconsistent (CPLR 5501 [a] [3]; 5701 [a] [1]), it is difficult to understand how they could effectively forfeit their right to raise the claim on appeal by raising it in an untimely posttrial motion. The timeliness of a posttrial motion is, however, both relevant and outcome determinative where the appeal is taken from an order denying the motion (see e.g. Rostropovich v GuerrandHermes, 18 AD3d 211, 212 [2005]).