■ LINDSEY KUPFERMAN NEDERLANDER, Respondent, v ERIC NEDERLANDER, Appellant. [958 NYS2d 45]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered on or about April 17, 2012, which, to the extent appealed from, ordered defendant to pay 50% of the balances owed on the mortgages on the marital residence in the event that he is unable to refinance the mortgages or obtain extensions of the mortgage notes, unanimously affirmed, without costs.

Domestic Relations Law § 234 empowers the court to "make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties." Accordingly, pursuant to Domestic Relations Law § 234, the court can not only order that a party turn over marital property, but also that he or she refrain from transferring or disposing of it (*Leibowits v Leibowits*, 93 AD2d 535, 537 [2d Dept 1983]). The power to issue preliminary injunctions affecting property in divorce actions stems from the recognition that while spouses have no legal or beneficial interest in marital property prior to a judgment of divorce, they nevertheless have an expectancy in that property (*see id.* at 540-545 [O'Connor, J., concurring]). Thus, in order to protect that expectancy pending equitable distribution, to maintain the status quo, and to prevent the dissipation of marital property, the court must be able to issue orders to ensure that such marital property is protected should it later become the subject of equitable distribution (*id.*; *Rosenshein v Rosenshein*, 211 AD2d 456, 456 [1st Dept 1995]; *Drazal v Drazal*, 122 AD2d 829, 831 [2d Dept 1986]).

Here, contrary to defendant's assertion, the motion court's order, insofar as it ordered defendant to pay 50% of the balances owed on the mortgages on the marital residence in the event that he is unable to refinance the mortgages or obtain extensions of the mortgage notes, was a proper exercise of its discretion pursuant to Domestic Relations Law § 234. Specifically, the record indicates that the bank was planning to foreclose on the marital residence and that defendant—in failing to submit a requested application and financial information to the bank until after the instant motion was made, months after the same was requested by the bank, and months after plaintiff submitted her information and application to the bank—was either by

design or neglect contributing to the foreclosure. Thus, the motion court, to ensure that the marital home would not be lost to foreclosure, prior to trial and a final judgment of divorce, providently exercised its discretion in ordering defendant to cooperate in obtaining an extension of the loans and/or a refinancing of the loans (*see Weinstock v Weinstock*, 8 Misc 3d 221 [Sup Ct, Nassau County 2005] [defendant directed to cooperate and execute the documents necessary to secure refinancing of the loan on the marital premises since the failure to do so would result in dissipation of the property]; *Lidsky v Lidsky*, 134 Misc 2d 511 [Sup Ct, Westchester County 1986]).

For the very same reasons, despite defendant's purported inability to pay half of the outstanding mortgages on the marital home, the motion court properly ordered that he do so if he was unsuccessful in refinancing or obtaining an extension. Contrary to defendant's assertion, the motion court did not err in implicitly concluding that defendant had the ability to pay half of the outstanding mortgages. While defendant, pointing to his modest earnings and substantial debt, claims that he lacks the financial resources to comply with the court's order, his deposition testimony belies his assertion, evincing instead that he actually has access to seemingly unlimited financial resources, which can be, and were, justifiably imputed to defendant as income and/or assets.

At his deposition, defendant testified that while he only earned approximately $700 per week as an employee with his father's company, all of his bills, both personal and business, are, and have been paid by his father. Defendant further testified that all of his bills are mailed directly to his father's company where they are then reviewed by defendant's assistant. Thereafter, defendant's father wires funds to the company's account sufficient to cover defendant's expenses, defendant's assistant then draws company checks, and defendant then executes them. Thus, the record evinces significant distributions to defendant from his family business during the marriage and that defendant received support from his father extending over several years. While defendant characterized his father's aid as loans, totaling $4 million at the time of his deposition, and as per his statement of net worth, over $6.5 million in 2010, he nevertheless testified that he has not paid his father back. Based on the foregoing, clearly, the substantial and ongoing financial aid provided to defendant by his father is either a gift, imputable as income (*Fabrikant v Fabrikant*, 62 AD3d 585, 586 [1st Dept 2009]; *Rostropovich v Guerrand-Hermes*, 18 AD3d 211, 211 [1st Dept 2005]; *Wildenstein v Wildenstein*, 251 AD2d

189, 190 [1st Dept 1998]; *Lapkin v Lapkin*, 208 AD2d 474, 474 [1st Dept 1994]), or a benefit provided to defendant by his father's company, also imputable as income (*Isaacs v Isaacs*, 246 AD2d 428, 428 [1st Dept 1998] [trial court properly imputed income to defendant husband insofar as he received numerous benefits from his company, namely cash outlays for personal expenses]).

Lastly, we find no merit to the defendant's contention that the motion court's order constitutes prejudgment equitable distribution of marital property. While it is true that in an action for divorce the court cannot distribute property by pendente lite order and prior to a final judgment of divorce (*Stewart v Stewart*, 118 AD2d 455, 456-457 [1st Dept 1986]), here, the motion court never made any determination as to the parties' interests in the marital residence. Nor did the motion court order the equitable distribution of the marital property pendente lite. Concur—Sweeny, J.P., Saxe, Richter, Abdus-Salaam and Román, JJ.