Blake v Blake (2018 NY Slip Op 05973)





Blake v Blake


2018 NY Slip Op 05973


Decided on September 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 6, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6835N 30084/15

[*1] Maria Blake, Plaintiff-Respondent,
v
Gregory Blake, Defendant-Appellant.


Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for appellant.
Felder, Felder and Nottes, P.C., New York (Daniel H. Stock of counsel), for respondent.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered March 9, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for pendente lite relief to the extent of ordering defendant to pay plaintiff, pendente lite, monthly spousal maintenance and basic child support retroactive to November 16, 2015, 78% of all school-related, child care, and extracurricular activity expenses for the parties' children, 78% of the carrying expenses on the marital residence, 78% of expenses related to the use of plaintiff's vehicle, and interim counsel and expert fees, and denied, sub silentio, defendant's cross motion to transfer the matter to New Jersey, unanimously modified, on the law, to delete the awards of carrying expenses on the marital residence and expenses related to the use of plaintiff's vehicle, and otherwise affirmed, without costs.
Defendant failed to establish that modification of the pendente lite maintenance and basic child support awards before trial is warranted (see e.g. Wittich v Wittich, 210 AD2d 138, 140 [1st Dept 1994]). He argues that the court erred in attributing income to him of $833,605, and claims that that number does not represent his actual take-home pay, whereas the $226,340 cash distribution from his solely-owned investment banking firm, Brocair Partners, LLC, does. The court was not required to rely upon defendant's own account of his finances, and, in any event, the remedy for a dispute as to the proper amount of defendant's income is a prompt trial (id.).
The court acted within its discretion in departing from Child Support Standards Act guidelines for purposes of calculating defendant's pendente lite child support obligations (see Asteinza v Asteinza, 173 AD2d 515 [2d Dept 1991]) and in considering the parties' resources and the family's pre-commencement standard of living (see Lapkin v Lapkin, 208 AD2d 474 [1st Dept 1994]). However, the court erred by, without explanation, ordering defendant to pay carrying costs on the marital residence and vehicle expenses, in addition to the temporary maintenance and child support awarded, since these amounts are encompassed in the maintenance and child support awards (see Francis v Francis, 111 AD3d 454 [1st Dept 2013]).
No basis exists to grant defendant's motion to transfer this matter to New Jersey. Under CPLR 327, the forum non conveniens statute, a court may not transfer a matter to another state, but may only stay or dismiss the action, relief defendant did not seek. In any event, we implicitly rejected defendant's arguments in a previous appeal (156 AD3d 523 [2017]), and see no reason, at this stage of the litigation, to stay or dismiss the action to allow the financial matters to be litigated in New Jersey.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 6, 2018
CLERK