Lugo v Torres (2019 NY Slip Op 05525)





Lugo v Torres


2019 NY Slip Op 05525


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-14475
 (Index No. 3406/12)

[*1]Robert Lugo, plaintiff-appellant, 
v
Larissa Torres, respondent; Liya L. (Anonymous), nonparty-appellant.


Miller Zeiderman & Wiederkehr LLP, White Plains, NY (Evan Wiederkehr of counsel), for plaintiff-appellant.
George E. Reed, Jr., White Plains, NY, attorney for the child Liya L., the nonparty-appellant.
Carton & Rosoff P.C., White Plains, NY (David M. Rosoff of counsel), for respondent.
Joan Iacono, Bronxville, NY, attorney for the child Emery L. (no brief filed).



DECISION & ORDER
In a matrimonial action, the plaintiff appeals, and the nonparty child Liya L. separately appeals, from an order of the Supreme Court, Westchester County (IDV Part) (Susan M. Capeci, J.), entered November 30, 2018. The order, after a hearing, granted the defendant's motion to hold the plaintiff in civil contempt for failure to comply with an order of the same court entered April 13, 2018, and directed him to be imprisoned for 30 days, as may be extended, or until he had paid the arrears owed to the defendant for counsel fees.
ORDERED that the appeal by the nonparty child Liya L. is dismissed, as that child is not aggrieved by the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order entered November 30, 2018, is affirmed on the appeal by the plaintiff; and it is further,
ORDERED that one bill of costs is awarded to the defendant, payable by the plaintiff.
As a threshold matter, the appeal by the child Liya L. must be dismissed, as she is not aggrieved by the order appealed from (see CPLR 5511; Edgar S. v Roman, 115 AD3d 931). Unlike matters involving, for instance, custody and parental access, where a child's interest in the outcome of the litigation is so immediate and substantial as to be self-evident (see Matter of Newton v McFarlane, ___ AD3d ___, 2019 NY Slip Op 04386), we cannot discern what possible interest a young child might have in the outcome of a purely financial dispute between her parents centered around one parent's failure to pay the other's counsel fees.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the court, and the movant bears the burden of proving the contempt by clear and convincing evidence" (Matter of Hughes v Kameneva, 96 AD3d 845, 846). To prevail on a motion to hold [*2]another party in civil contempt, the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Rhodes v Rhodes, 169 AD3d 841, 843). Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order (see Rhodes v Rhodes, 169 AD3d at 843).
Domestic Relations Law § 245 was amended, effective September 19, 2016, to remove the requirement that a litigant exhaust all other remedies before moving to hold a party in contempt (see Cassarino v Cassarino, 149 AD3d 689, 691).
Here, there was an unequivocal order of the Supreme Court entered April 13, 2018, requiring the plaintiff to pay the defendant counsel fees in the sum of $193,549 within 30 days of the date of the order. It is undisputed that the plaintiff was aware of this order. Moreover, the defendant was clearly prejudiced by the plaintiff's violation, as she is more than $100,000 in debt and facing continuing, expensive, and unrelenting litigation from the plaintiff.
Under the unusual circumstances presented, including the fact that the plaintiff enjoys seemingly unlimited financial resources from a family member, who thus far has paid in excess of $1 million to cover the plaintiff's own legal fees in this action, we decline to disturb the Supreme Court's rejection of the plaintiff's proffered defense of inability to pay the outstanding arrears due under the court's prior order entered April 13, 2018 (see Nederlander v Nederlander, 102 AD3d 416, 417).
Accordingly, we affirm the order appealed from.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court