Khan v Garg (2025 NY Slip Op 01046)

Khan v Garg

2025 NY Slip Op 01046

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Webber, J.P., Singh, Moulton, Pitt-Burke, Rosado, JJ. 

Index No. 652334/13|Appeal No. 3736-3737-3738|Case No. 2023-02046 2023-02945 2024-05128|

[*1]Raza Khan, etc., Plaintiff-Appellant,
v
Vishal Garg, et al., Defendants-Respondents. 

Rachael Kierych, New York, for appellant.
Mandel Bhandari LLP, New York (Evan Mandel of counsel), for respondents.

Amended order, Supreme Court, New York County (Andrea Masley, J.), entered on or about May 8, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion for partial summary judgment dismissing plaintiff's breach of fiduciary duty causes of action, and for summary judgment on defendant Vishal Garg's counterclaim for conversion, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about April 25, 2023, unanimously dismissed, without costs, as superseded by appeal from the amended order. Order, same court and Justice, entered on or about April 12, 2024, which, to the extent appealed from, denied plaintiff's motion for leave to renew his opposition to defendants' summary judgment motion and, in effect, to vacate a prior order, same court (Jeffrey K. Oing, J.), entered on or about August 10, 2016, denying plaintiff's motion to reject settlements, unanimously affirmed, with costs.
Supreme Court properly found that the settlement agreement in the prior arbitration, which includes a broad release of claims, bars plaintiff's causes of action that are the subject of this appeal. Plaintiff failed to make the necessary showing that the settlement agreement was the product of fraud so as to vitiate the settlement (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil, S.A.B. de C.V., 17 NY3d 269, 276 [2011]).
Defendants were not judicially estopped from asserting the settlement agreement as a bar to plaintiff's causes of action (see D & L Holdings v Goldman Co., 287 AD2d 65, 71 [1st Dept 2001], lv denied 97 NY2d 611 [2002]). Plaintiff based his renewal motion on testimony given by defendants in a subsequent federal proceeding. Plaintiff argues, unpersuasively, that testimony in the federal action and testimony in prior proceedings of this action are inconsistent on the question of who owns the intellectual property that is at the heart of this case. However, and as properly found by the court, the central issue in approval of the settlement agreement and the prior summary judgment order was that plaintiff had not shown misuse of the intellectual property. Ownership of the intellectual property was not a material issue on either prior motion.
Plaintiff is correct that his misappropriation-based fiduciary duty claims should have been analyzed under Delaware law (see Leviton Mfg. Co. v Blumberg, 242 AD2d 205, 207 [1st Dept 1997]). Plaintiff is also correct that under Delaware law, the elements of his claim are different from those for a claim under New York law (see Alarm.com Holdings, Inc. v ABS Capital Partners Inc., 2018 WL 3006118, *7, 2018 Del Ch LEXIS 193,*25 [Del Ch June 15, 2018, No. 2017-0583-JTL]). However, even under the Delaware cases cited by plaintiff, he must still show not only possession of the information, but misuse (see Beard Research, Inc. v Kates, 8 A3d 573, 602 [Del Ch 2010]). Plaintiff failed to raise a triable issue of fact as to misuse.
The court properly awarded [*2]defendants summary judgment on their counterclaim for conversion based on plaintiff's personal charges on Garg's business American Express account. Many of these charges were obviously personal, such as those for drug stores, food, and clothing. The personal nature of the expenses was also established by the opinion of defendants' forensic accountants (see Fabrikant v Fabrikant, 62 AD3d 585, 586 [1st Dept 2009]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025