■ Betty J. Fassett, Respondent, v Dean R. Fassett, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered February 7, 1983 in Otsego County, upon a decision of the court at Trial Term (Harlem, J.), without a jury. ¶ Following trial of this matrimonial action without a jury, Trial Term granted plaintiff a divorce, awarded her custody of the children of the marriage, and equitably divided the parties' marital property. Defendant appeals from that portion of the judgment regarding the distributive award to plaintiff. Taking into account the length of the parties' marriage and other relevant factors (Domestic Relations Law, § 236, part B, subd 5, par d), the court divided the marital assets on a roughly equal basis. Defendant's major points on appeal are directed to the manner in which certain elements included within the distributive award were evaluated, namely the assets defendant

took from the home when the parties separated and a family dairy bar business and equipment. As to the items of personal property defendant took with him, he contends that they should not have been included for purposes of equitable distribution solely on the basis of plaintiff's estimate of their value and without expert testimony as to their present worth. We find no such error. The items in question principally were household furnishings and equipment. Plaintiff testified that she was familiar with the cost of these items and, obviously, she was also familiar with their condition. Defendant neither challenged her estimate through cross-examination nor by rebuttal testimony. Under these circumstances, plaintiff was competent to testify as to their current value and the weight to be accorded to her testimony was within the discretion of the trial court (see *Caten v Salt City Movers & Stor. Co.,* 149 F2d 428; *Cohen v Varig Airlines, S.A.,* 85 Misc 2d 653, 659, mod 88 Misc 2d 998, mod 62 AD2d 324; Richardson, Evidence [10th ed], § 364, p 336). ¶ Nor may defendant complain regarding Trial Term's determination of the value of the dairy bar. That evaluation was based upon the lower of his own two estimates made in succeeding financial disclosure affidavits submitted in the course of the proceedings. As such, defendant's estimates represented informal judicial admissions constituting competent evidence of value supporting the court's determination (see *Matter of City of New York [Tully & Di Napoli],* 73 AD2d 932; *Niagara Falls Urban Renewal Agency v Clifton Holding,* 43 AD2d 900). The fact that the admissions pertain to defendant's opinion of the value of his business property did not render them inadmissible, since the New York rule permits the introduction of an admission in the form of an opinion (*Jackson v Dickman,* 256 App Div 925; Richardson, Evidence [10th ed], § 226, p 202). ¶ We have examined defendant's remaining arguments in favor of reversal and find them equally unpersuasive. Nor do we find any basis for disturbing Trial Term's award of counsel fees (see *Walsh v Walsh,* 92 AD2d 345, 347). ¶ Judgment affirmed, without costs. Kane, J.P., Main, Casey, Levine and Harvey, JJ., concur.