■ VERONICA DEL VECCHIO, Respondent, v VINCENT DEL VECCHIO, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals (1) as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Stolarik, J.), entered January 23, 1986, which, after a nonjury trial, *inter alia,* (a) awarded the plaintiff wife a distributive share in his pension, and further provided that the distributive share should be used solely as a credit against his equitable interest in the marital residence, (b) awarded the plaintiff wife exclusive possession of the marital residence until the parties' child attained the age of 18 years, and (c) awarded the plaintiff wife counsel fees in the

sum of $2,000, and (2) from a judgment of the same court, entered January 31, 1986, which awarded the plaintiff wife arrears in maintenance and child support in the sum of $2,860.

Ordered that the judgment entered January 23, 1986, is modified, on the facts, by deleting the fifteenth decretal paragraph thereof, which awarded the plaintiff a share of a certain life insurance policy; as so modified, the judgment entered January 23, 1986, is affirmed insofar as appealed from, without costs or disbursements, and it is further,

Ordered that the judgment entered January 31, 1986, is affirmed, without costs or disbursements.

The trial court's designation of marital property was made in accordance with the statutory definition (see, Domestic Relations Law § 236 [B] [1] [c], [d]) with the exception of the life insurance policy which was distributed pursuant to the fifteenth decretal paragraph of the judgment of divorce. The record indicates that this policy was acquired by the plaintiff in 1968 prior to the date of the marriage, and the plaintiff concedes that she owns this policy as her separate property. Thus, the judgment appealed from improperly directs the defendant husband to pay her one half of its cash surrender value.

Apart from the exception noted above, the court's valuation and distribution of the marital assets was in accordance with the equitable distribution provisions of Domestic Relations Law § 236 (B). We make special note that contrary to the defendant's contention, the court's valuation of his pension and of the marital residence was proper. The court's valuation of the pension was based upon the defendant's actuarial expert's determination of the present value of the pension and of the percentage of that value attributable to the period between the date of the marriage and the commencement of the divorce action (see, Damiano v Damiano, 94 AD2d 132, 137-140; Majauskas v Majauskas, 94 AD2d 494, affd 61 NY2d 481). The court's valuation of the marital residence was properly based upon the plaintiff's testimony concerning her knowledge of the recent sale of a neighbor's house which was of similar design to the marital residence (see, Richardson, Evidence §§ 189, 364 [Prince 10th ed]).

The defendant's contention concerning the award of counsel fees is without merit as there is no indication that both parties are similarly situated financially (cf., Remetich v Schoenberg, 100 AD2d 581).

Finally, the defendant's contention concerning the judgment for arrears in maintenance and child support is also without merit *(see, Samuelsen v Samuelsen,* 124 AD2d 650; *Stern v Stern,* 106 AD2d 631; *Vigo v Vigo,* 97 AD2d 463). Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.