■ JACK G. SCHWARTZ, Appellant-Respondent, v CERTIFIED MANAGEMENT CORP. et al., Respondents-Appellants.—Judgment of the Supreme Court, New York County (Hortense Gabel, J., on the issue of liability; Arthur Wachtel, J.H.O., on the issue of damages), entered March 3, 1988, which assessed plaintiff's damages for wrongful eviction, unanimously modified, on the law and the facts, so as to (1) delete the figure $43,120.50 in the second decretal paragraph and to insert instead the figure $250,197.30; (2) delete the figure $26,077.67 in the third decretal paragraph and to insert instead the figure $40,958.27; (3) delete the figure $22,680 in the fifth decretal paragraph and to insert instead the figure $35,000; (4) delete the figure $1,311.75 in the sixth decretal paragraph and to insert instead the figure $5,000; (5) award interest, in the ninth decretal paragraph, on the sum of $250,197.30 from January 27, 1988, the date of the Judicial Hearing Officer's decision; (6) award interest, in the tenth decretal paragraph, on the sum of $40,958.27 from October 15, 1978, the date of the wrongful eviction; (7) award interest, in the twelfth decretal paragraph, on the sum of $40,000 from March 3, 1988, the

date of entry of judgment; (8) direct the Clerk of the Supreme Court, in the fifteenth decretal paragraph, to recompute the total amount for which plaintiff shall have recovery, and is otherwise affirmed, with costs to plaintiff.

Our modification of the second decretal paragraph reflects our finding that plaintiff is entitled to possession of the apartment or, now that possession can no longer be given, its dollar equivalent, i.e., the present (as of trial) value of the apartment less what plaintiff would have paid had he been given the opportunity to purchase it. By awarding plaintiff damages representing the difference between the insider and outsider prices as of the date of the first offering of the cooperative conversion plan, the Judicial Hearing Officer erroneously limited plaintiff to a contract measure of damages. Restoration of possession, or ejectment, is a common remedy for wrongful eviction (see, Dzubey v Teachers' Coll., 87 AD2d 783).

Our modification of the third decretal paragraph reflects our finding that the Judicial Hearing Officer erred in denying plaintiff the value of certain items of personal property, lost during the course of the eviction, because of lack of documentation showing the exact price paid, and also erred in denying plaintiff the value of certain expenses incurred in procuring and fitting up the apartment, such as brokerage, moving and interior design fees, as not being relevant to the question of damages. The testimony of plaintiff's fiancée, who furnished the apartment, as to the articles purchased and their prices was unrebutted by defendants, and no proof was adduced to show that such articles were not in fact purchased or that their value had been inflated (see, Fassett v Fassett, 101 AD2d 604). Further, we see no reason why expenses incurred by plaintiff in locating and decorating the apartment should not be recoverable.

Finally, our modification of the fifth and sixth decretal paragraphs reflects our finding as to the reasonable value of the services rendered by the two law firms retained by plaintiff to prosecute this action, including the services rendered at the trial before the Judicial Hearing Officer as well as those on the appeal before us.

We have reviewed plaintiff's claim that he is entitled to treble damages pursuant to RPAPL 853 and find it to be without merit. Aside from doubts we have as to whether treble damages are available when an election is made to seek possession, as opposed to lost rental value, we agree with the

Judicial Hearing Officer that the degree of force used by defendant's agents in restraining plaintiff from access to his apartment was not such as should have caused plaintiff to apprehend a threat of personal injury or breach of the peace *(Fults v Munro,* 202 NY 34, 42). Our conclusion that plaintiff is not entitled to treble damages might well have been otherwise were the 1981 amendment to RPAPL 853, creating a right to treble damages for "unlawful" evictions as well as forceful ones, applicable to this case.

We find no merit to defendant's contention that plaintiff was an "illusory tenant" who leased the apartment for the purpose of making a profit without ever intending to live there (citing *Matter of Avon Furniture Leasing v Popolizio,* 116 AD2d 280). As found by the Judicial Hearing Officer, plaintiff and his fiancée actually resided in the apartment for the first year of the lease term, and intended to reside there again after the expiration of the sublease for the remaining 10½ months of the lease term. Although plaintiff also had a dwelling in Suffolk County, this fact alone does not undermine the finding of the Judicial Hearing Officer that the apartment was plaintiff's primary residence. Nor should plaintiff be deemed an illusory tenant because of the profit he made in subleasing the apartment. While the rent charged to the subtenant was twice that reserved in the main lease, regulations limiting the rent that may be charged in a sublease to the stabilized rent plus a 10% surcharge for furnishings were not in effect at the time of this sublease. Rather, the law provided only that the rent in the sublease be reasonable. In view of the fact that plaintiff had spent approximately $40,000 in furnishing and decorating the apartment, and that the subtenant took the apartment with all of the furnishings and decorations, including towels, televisions, videotapes, and works of art, it cannot be said that the rent charged to the subtenant was unlawful.

We have considered the other arguments made by the parties in both the appeal and cross appeal and find them to be without merit. Concur—Ross, J. P., Asch, Rosenberger, Ellerin and Wallach, JJ.