■ Peter A. Tulin, Appellant, v Alice F. Bostic, Respondent.—Kane, J. Appeal from an order of the Supreme Court (Brown, J.), entered January 21, 1988 in Saratoga County, which dismissed the complaint, *sua sponte,* with prejudice.

Plaintiff commenced this action for damages sustained to his automobile when it was struck by a vehicle owned and operated by defendant. Liability on defendant's part was admitted so the subsequent trial was limited to the question of damages only. The first witness that plaintiff called to testify at the trial was an expert. Defendant objected, based on plaintiff having previously failed to comply with defendant's CPLR 3101 (d) discovery demand for the names of any expert witnesses that plaintiff intended to call. Plaintiff conceded that he had not complied with the requirements of CPLR 3101 (d). Accordingly, Supreme Court granted defendant's request to preclude this witness's testimony. The court, however, then dismissed plaintiff's complaint based on its determination that since plaintiff could not use expert testimony, he would be unable to make out a prima facie case on the issue of damages. Plaintiff has appealed.

We reverse. In our view, the trial had not progressed far enough to permit the conclusion that plaintiff would be unable to prove the amount of damages sustained to his vehicle as a result of the accident. What the value of a certain piece of property may be is not necessarily a subject for expert testimony *(see,* Richardson, Evidence § 364, at 335-336 [Prince 10th ed]). As it has been noted, "New York courts * * * have permitted qualified lay witnesses to present their opinions as

to the value of property * * * before and after the act complained of" (Fisch, New York Evidence § 372, at 255 [2d ed]). While a lay witness testifying as to value must have some acquaintance with the particular property at issue, as well as knowledge of its market value, that does not mean that he must therefore qualify as an expert (see, Fisch, New York Evidence § 372, at 256 [2d ed]; 58 NY Jur 2d, Evidence and Witnesses, §§ 626, 693, at 259-260, 343-344). Therefore, plaintiff may be able to prove damages through the use of lay opinion testimony provided such witnesses are found competent to testify.

Additionally, it has been recognized that the owner of property can testify as to its value regardless of any showing of special knowledge as to the property's value (see, Fisch, New York Evidence § 372, at 89 [2d ed, 1988-1989 Supp]; 58 NY Jur 2d, Evidence and Witnesses, § 705, at 355). Plaintiff was the owner of the property at issue and therefore may be competent to testify in this case (see, Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329-330, cert. denied 444 US 992 [both landlord and tenant competent to give opinion as to diminution in value of premises caused by breach of warranty of habitability]; Fassett v Fassett, 101 AD2d 604, 605 [wife permitted to establish value of property taken by husband]). The weight to be accorded such testimony is for the jury to decide (see, Fassett v Fassett, supra).

Finally, it may also be possible for plaintiff to prove his case through the use of documentary evidence as long as it comports with the ordinary rules and tests of relevancy and competency (see, 58 NY Jur 2d, Evidence and Witnesses, § 446, at 36). Therefore, given the above conclusions, plaintiff should have been permitted to proceed with his case and Supreme Court erred in dismissing the complaint.

Order reversed, on the law, without costs, and complaint reinstated. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.