■ JOANNE M. FELICELLO, Appellant, v JOSEPH F. FELICELLO, Respondent. [659 NYS2d 1003] —In a matrimonial action in which the parties were divorced by judgment entered October 25, 1995, the plaintiff former wife appeals from a judgment of the Supreme Court, Orange County (Bellantoni, J.), entered June 18, 1996, which, after a hearing, is in favor of the defendant former husband and against her in the principal sum of $20,137.40, representing the defendant former husband's share of the value of certain personal property less certain credits.

Ordered that the judgment is modified, on the facts, by deleting from the decretal paragraph thereof the sum of $20,137.40 and substituting therefor the sum of $19,637.45; as so modified, the judgment is affirmed, without costs or disbursements.

By order to show cause dated December 7, 1995, the plaintiff former wife sought to hold the defendant former husband in contempt of court for his failure to pay counsel fees, maintenance, and installments on the distributive awards in accordance with the judgment of divorce entered October 25, 1995. The court determined, after a hearing, that the former husband's failure to make payments pursuant to this judgment was not willful. Based on the testimony of the former wife, the court also found that the value of the parties' personal prop-

erty was at least $60,000. In a judgment entered June 18, 1996, the court determined that the former husband was entitled to an award of $30,000, representing his equitable share of the parties' personal property. After applying an offset representing various amounts owed by the former husband to the former wife, the court determined that the former husband was entitled to the principal sum of $20,137.40, and entered judgment in favor of the former husband accordingly.

The record supports the Supreme Court's conclusion that the former wife had appropriated to herself items of personal property which, according to the earlier judgment, should have been divided equally. We therefore conclude that the Supreme Court properly found that the former husband was entitled to an award of $30,000 based on the former wife's testimony as to the value of the parties' personal property (see, e.g., Fassett v Fassett, 101 AD2d 604, 605; Del Vecchio v Del Vecchio, 131 AD2d 536, 537; see also, 48A NY Jur 2d, Domestic Relations, § 2489, at 218). This amount was properly offset by the amounts owed to the former wife pursuant to the divorce judgment. However, the Supreme Court incorrectly tabulated the amount due to the former husband. Based on the Supreme Court's findings, the former husband is owed $19,637.45, not $20,137.40, and the judgment is modified accordingly.

The former wife's remaining contentions are without merit. Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.