■ NORTH MAIN STREET BAGEL CORPORATION, Appellant, v ROBERT J. DUNCAN et al., Respondents, et al., Defendants. [831 NYS2d 239]—

In an action, inter alia, to recover damages for trespass, wrongful eviction, and tortious interference with prospective contractual relations, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Molia, J.), dated July 21, 2005, which, after a nonjury trial, and upon a decision and order of this Court, dated April 19, 2004, finding, inter alia, that the defendants Robert J. Duncan and Shirley T. Duncan wrongfully evicted the plaintiff from a leasehold (*see North Main St. Bagel Corp. v Duncan*, 6 AD3d 590 [2004]), awarded nominal damages of one dollar to the plaintiff.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the plaintiff nominal damages of one dollar, and substituting therefor a provision awarding the plaintiff the sum of $30,000, plus prejudgment interest from October 31, 1997; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is

remitted to the Supreme Court, Suffolk County, for the entry of an appropriate amended judgment.

On October 31, 1997 the defendants Robert J. Duncan and Shirley T. Duncan (hereinafter together the landlord) committed a trespass and wrongfully evicted the plaintiff tenant from commercial premises at which the plaintiff had been operating a bagel shop (*see North Main St. Bagel Corp. v Duncan*, 6 AD3d 590 [2004]). Upon our determination that the plaintiff established at trial that it was entitled to judgment against the landlord as to liability on those causes of action, we directed the Supreme Court, upon remittal, to make a determination as to damages, based on the evidence that had already been adduced at the trial. The Supreme Court awarded the plaintiff nominal damages of one dollar. We modify, and award the plaintiff $30,000, plus prejudgment interest from October 31, 1997, the date of the wrongful eviction.

"The measure of compensatory damages for wrongful eviction is the value of the unexpired term of the lease over and above the rent the lessee must pay under its terms . . . together with any actual damages flowing directly from the wrongful eviction" (*Long Is. Airports Limousine Serv. Corp. v Northwest Airlines*, 124 AD2d 711, 712 [1986]; *see also Randall-Smith v 43rd St. Estates Corp.*, 17 NY2d 99, 102 [1966]; *Mid Hudson Recreational Ctrs. v Fallon*, 96 AD2d 855 [1983]), which include lost profits ascertainable with a reasonable degree of certainty (*Long Is. Airports Limousine Serv. Corp. v Northwest Airlines*, *supra* at 712), and loss of personal property (*see Rocke v 1041 Bushwick Ave. Assoc.*, 169 AD2d 525 [1991]; *Schwartz v Certified Mgt. Corp.*, 148 AD2d 387, 388 [1989]; *Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp.*, 100 AD2d 901 [1984], *affd* 64 NY2d 1107 [1985]).

Because the value of the unexpired period of the lease between the plaintiff and the landlord, as evinced by the replacement lease given by the landlord to the defendants James Koehne and Matt Worrell, was equal to the rent the plaintiff was otherwise required to pay under the lease, the plaintiff suffered no damages by this measure. Moreover, the trial record supports the Supreme Court's determination that the wrongful eviction did not directly cause the plaintiff's loss of an opportunity to sell its business, including the leasehold, to Koehne and Worrell for the sum of $75,000 (*see Matter of Marina Bay Club v Cannizzaro*, 105 AD2d 1114 [1984]). Rather, a reasonable inference may be drawn that, prior to the wrongful eviction, Koehne and Worrell independently determined to decline the plaintiff's offer to enter into a purchase and sale agreement

concerning the business and the leasehold. Accordingly, the Supreme Court's determination that the plaintiff was not entitled to lost profits in the face amount of the proposed purchase and sale agreement is supported by the record.

The Supreme Court erred, however, "in denying plaintiff the value of certain items of personal property, lost during the course of the eviction, because of lack of documentation showing the exact price paid" (*Schwartz v Certified Mgt. Corp., supra* at 388). The testimony of the plaintiff's principal, who was also a certified public accountant, as to the articles of equipment purchased and their prices and the documentary evidence as to their resale value three years after their purchase, was unrebutted by the landlord, "and no proof was adduced to show that the articles were not in fact purchased or that their value had been inflated" (*id.* at 388). The plaintiff's principal, who purchased the equipment on behalf of the plaintiff, testified that he was familiar with the cost of these items as well as their condition at the time of the wrongful eviction. Under these circumstances, he "was competent to testify as to their current value" (*Fassett v Fassett*, 101 AD2d 604, 605 [1984]; *see Nebons v Nebons*, 26 AD3d 478, 478-479 [2006]; *Cuozzo v Cuozzo*, 2 AD3d 665 [2003]; *Felicello v Felicello*, 240 AD2d 625, 626 [1997]; *Griffin v Griffin*, 115 AD2d 587 [1985]; *Matter of City of New York*, 26 AD2d 771 [1966], *affd* 19 NY2d 904 [1967]; *Cutler-Hammer, Inc. v Troy*, 283 App Div 123, 126 [1953]; *see also Holsapple v Rome, Watertown & Ogdensburgh R.R. Co.*, 86 NY 275, 279 [1881]; *Park W. Mgt. Corp. v Mitchell*, 62 AD2d 291, 298 [1978], *affd* 47 NY2d 316 [1979], *cert denied* 444 US 992 [1979]). Although the weight to be accorded his testimony was within the discretion of the Supreme Court (*see Fassett v Fassett, supra* at 605), that court did not rule that the testimony was lacking in credibility or unworthy of belief, but instead that the testimony was legally insufficient to sustain the plaintiff's burden of proof. We disagree. The testimony and documentation established that the equipment was purchased in 1994 for between $90,000 and $100,000, and that, at the time the plaintiff was negotiating with Koehne and Worrell, the equipment, after depreciation, was valued at $30,000. Hence, the Supreme Court should have awarded the plaintiff the sum of $30,000 to compensate it for the loss of its equipment.

Because the landlord committed an act "depriving or otherwise interfering with . . . possession or enjoyment of, property" (CPLR 5001 [a]), prejudgment interest should be awarded on the plaintiff's recovery, from October 31, 1997, the date of the wrongful eviction and trespass (*see* CPLR 5001 [b]; *Schwartz v*

*Certified Mgt. Corp., supra; Property Owners Assn. of Harbor Acres v Ying,* 137 AD2d 509, 511 [1988]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.