■ EMMANUEL OKEKE, Appellant, v WALDRINE EWOOL et al., Respondents. [964 NYS2d 249]—

In an action, inter alia, to recover damages for unlawful eviction, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ajello, J.H.O.), dated June 16, 2010, which, upon the granting of his motion for leave to enter a judgment against the defendants on the issue of liability upon their defaults in appearing or answering the complaint, and after an inquest on the issue of damages, determined that the defendants owed no damages to him.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof determining that the defendants owed no damages to the plaintiff, and substituting therefor a provision determining that the plaintiff is entitled to nominal damages in the sum of $1; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action against the defendants, inter alia, to recover damages for wrongful eviction. On a prior appeal, this Court granted the plaintiff's motion for leave to enter a judgment against the defendants on the issue of liability upon their defaults in appearing or answering the complaint, and to set the matter down for an inquest on damages (*see Okeke v Ewool*, 66 AD3d 978 [2009]). After the inquest, the Supreme Court determined that the defendants owed no damages to the plaintiff.

" 'The measure of compensatory damages for wrongful eviction is the value of the unexpired term of the lease over and above the rent the lessee must pay under its terms . . . together with any actual damages flowing directly from the wrongful eviction' " (*North Main St. Bagel Corp. v Duncan*, 37 AD3d 785, 786 [2007], quoting *Long Is. Airports Limousine Serv. Corp. v Northwest Airlines*, 124 AD2d 711, 712 [1986]), which includes, inter alia, loss of personal property (*see North Main St. Bagel Corp. v Duncan*, 37 AD3d at 786).

At the inquest, the plaintiff failed to sufficiently demonstrate that the value of the unexpired term of his sublease was greater

than the rent he was required to pay under its terms (*see North Main St. Bagel Corp. v Duncan*, 37 AD3d at 786). Furthermore, the plaintiff failed to present competent evidence to establish the value of certain personal items that he allegedly lost due to the wrongful eviction (*see Pernell v 287 Albany Ave., LLC*, 95 AD3d 1094 [2012]; *cf. North Main St. Bagel Corp. v Duncan*, 37 AD3d at 787). In addition, the record supports the Supreme Court's determination that the plaintiff had an opportunity to retrieve the personal items that he claims were lost or detained. Under these circumstances, the Supreme Court properly determined that the plaintiff was not entitled to compensatory damages for the wrongful eviction.

The Supreme Court erred, however, in determining that the defendants owed no damages to the plaintiff, since an award of nominal damages is appropriate in this case. "Wrongful eviction is a trespass and, therefore, even without proving actual damages the plaintiff is entitled to nominal damages" (*Long Is. Airports Limousine Serv. Corp. v Northwest Airlines*, 124 AD2d at 714 [citations omitted]). Since a wrongful eviction occurred here, the plaintiff is entitled to nominal damages in the sum of $1 (*see id.* at 714; *Vias v Rohan*, 119 AD2d 672 [1986]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.