■ SABOR A. MEXICO, INC., et al., Respondents, v 76 SOUTH STREET CORP., Appellant, et al., Defendants. [7 NYS3d 401]—

In an action to recover damages for constructive eviction and breach of contract, the defendant 76 South Street Corp. appeals from a judgment of the Supreme Court, Nassau County (Dana, Ct. Atty. Ref.), entered July 17, 2013, which, upon an order of the same court (Warshawsky, J.), dated August 24, 2011, granting the plaintiffs' motion for leave to enter a judgment against it on the issue of liability, upon its failure to appear on a scheduled court date, and upon an order of the same court (Dana, Ct. Atty. Ref.), dated July 12, 2012, made after an

inquest on the issue of damages, is in favor of the plaintiffs and against it in the principal sum of $139,164.69.

Ordered that the judgment is modified, on the law, by reducing the amount awarded to the plaintiff from the principal sum of $139,164.69 to the principal sum of $6,550; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

In 1996, the plaintiffs entered into a five-year lease with the defendant 76 South Street Corp. (hereinafter the defendant) for premises located in Oyster Bay. At the time the lease was executed, the plaintiffs also purchased a restaurant from the prior tenant of the subject premises. The plaintiffs opened a restaurant at the premises in June 1996. After the expiration of the lease, the plaintiffs continued to operate their restaurant from the premises as month-to-month tenants. In August 2006, the exhaust stack at the premises sustained damages, which prevented the plaintiffs from continuing to operate the restaurant. Some time after May 2007, the defendant allegedly refused to assist the plaintiff in obtaining the proper permit to reinstall the exhaust stack and in obtaining permission from an adjoining landowner to encroach on its property.

In December 2007, the plaintiffs commenced this action against, among others, the defendant for wrongful eviction and breach of a lease contract. Following the defendant's failure to appear on a scheduled court date, the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against the defendant on the issue of liability. The case was then referred to a court attorney referee to hear and determine the amount of the damages. After an inquest, the Court Attorney Referee awarded the plaintiff damages in the principal sum of $139,164.69.

"The measure of compensatory damages for wrongful eviction is the value of the unexpired term of the lease over and above the rent the lessee must pay under its terms . . . together with any actual damages flowing directly from the wrongful eviction" (*Okeke v Ewool*, 106 AD3d 709, 709 [2013] [internal quotation marks omitted]; *see North Main St. Bagel Corp. v Duncan*, 37 AD3d 785, 786 [2007]). Here, the Court Attorney Referee erred in awarding the plaintiff damages for its startup costs, in the sum of $92,088.50, as those start-up costs were made at the commencement of the lease and did not flow from the wrongful eviction. Further, the plaintiff was not entitled to reimbursement of the rent paid from August 2006 until March 2007, when the plaintiff stopped paying rent, since

the date of the eviction alleged in the complaint was May 2007 and, thus, those rent payments preceded the eviction. In addition, under the terms of the lease, the defendant became the owner of all fixtures and improvements at the time of their installation. Therefore, the plaintiff was not entitled to reimbursement for the cost of the fixtures and installations which remained on the premises following the eviction. Under these circumstances, the Court Attorney Referee erred in awarding the plaintiff any damages except the return of the unreimbursed security deposit paid in the sum of $6,550.

The parties' remaining contentions are without merit. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.