# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**408**

**CA 15-01088**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

VLADIMIR A. SUPRUNCHIK, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

SALVATORE VITI, A-1 AUTO PARTS, INC. AND S. VITI
REALTY CORP., DEFENDANTS-RESPONDENTS.

---

DAVID G. GOLDBAS, UTICA, FOR PLAINTIFF-APPELLANT.

GUSTAVE J. DETRAGLIA, JR., UTICA, FOR DEFENDANTS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered April 8, 2015. The judgment, among other things, awarded plaintiff the sum of $27,000 on his wrongful eviction cause of action and awarded defendant S. Viti Realty Corp. the sum of $12,000 on its counterclaim against plaintiff for lost rent.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by striking from the fifth decretal paragraph the phrase "Defendant, Salvatore Viti, personally" and substituting therefor the word "defendants" and by striking from the sixth decretal paragraph the phrase "months of August, September, October, and November 2008 for a total of $12,000.00 (Twelve Thousand Dollars)" and substituting therefor the phrase "month of August 2008 for a total of $3,000," and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action against defendant Salvatore Viti (Viti) and Viti's corporations, defendants A-1 Auto Parts, Inc. and S. Viti Realty Corp. (Realty) (collectively, corporate defendants), alleging causes of action for, inter alia, breach of contract and wrongful eviction. According to plaintiff, defendants repudiated a written asset purchase agreement and then unlawfully ousted him from the leased property on which he operated a junkyard business. Following a bench trial, Supreme Court granted judgment in favor of plaintiff only on the cause of action for wrongful eviction, and plaintiff contends on appeal that the court erred in dismissing the cause of action for breach of contract. We reject that contention. The decision of a court following a nonjury trial should not be disturbed on appeal "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially [where, as here,] the findings of fact rest in large measure on considerations relating to the credibility of

witnesses" (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495, *rearg denied* 81 NY2d 835 [internal quotation marks omitted]).  Viewing the evidence in the light most favorable to sustain the judgment (*see A&M Global Mgt. Corp. v Northtown Urology Assoc., P.C.*, 115 AD3d 1283, 1286), we conclude that there is a fair interpretation of the evidence supporting the court's determination that plaintiff was not ready, willing and able to fulfill his contractual obligations at closing (*see generally Pesa v Yoma Dev. Group, Inc.*, 18 NY3d 527, 531-532; *3801 Review Realty LLC v Review Realty Co. LLC*, 111 AD3d 509, 509-510).  Thus, contrary to plaintiff's contention, he is not entitled to recover damages for breach of contract (*see Pesa*, 18 NY3d at 532).

We reject plaintiff's further contention that the court erred in failing to award him lost profits and other actual damages arising from the wrongful eviction.  "The measure of compensatory damages for wrongful eviction is the value of the unexpired term of the lease over and above the rent the lessee must pay under its terms . . . , together with any actual damages flowing directly from the wrongful eviction" (*Long Is. Airports Limousine Serv. Corp. v Northwest Airlines*, 124 AD2d 711, 712; *see North Main St. Bagel Corp. v Duncan*, 37 AD3d 785, 786; *Matter of Marina Bay Club v Cannizzaro*, 105 AD2d 1114, 1114).  "Although loss of profits may be an element of recovery in a wrongful eviction action . . . , the loss must be ascertainable with a reasonable degree of certainty and may not be based on conjecture" (*Long Is. Airports Limousine Serv. Corp.*, 124 AD2d at 713; *see North Main St. Bagel Corp.*, 37 AD3d at 786).  Here, plaintiff's claims with respect to lost profits are speculative and insufficient to establish such damages with the requisite degree of reasonable certainty (*see Long Is. Airports Limousine Serv. Corp.*, 124 AD2d at 713), and plaintiff failed to prove any other actual damages allegedly flowing from the wrongful eviction.

We agree with plaintiff, however, that the court erred in finding that Viti, the corporate defendants' sole shareholder, director and officer, was not acting on behalf of the corporate defendants when he unlawfully ousted plaintiff from the property (*see* 14 NY Jur 2d, Business Relationships § 497; *see generally O'Donnell v K-Mart Corp.*, 100 AD2d 488, 491).  We thus conclude that the award of wrongful eviction damages for the value of the leasehold, which was appropriately trebled in this case pursuant to RPAPL 853 (*see e.g. Moran v Orth*, 36 AD3d 771, 773), should also have been entered against the corporate defendants.  We therefore modify the judgment accordingly.  Inasmuch as the corporate defendants are liable for the wrongful eviction, we further agree with plaintiff that the court erred in awarding Realty unpaid rent on its counterclaim against plaintiff for those months during which it had wrongfully evicted plaintiff.  We therefore further modify the judgment accordingly.

Entered:  May 6, 2016                    Frances E. Cafarell
                                         Clerk of the Court