Haggerty v Steitz (2019 NY Slip Op 07189)





Haggerty v Steitz


2019 NY Slip Op 07189


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


905 CA 19-00266

[*1]EDWARD J. HAGGERTY, AS TRUSTEE OF THE JAMES J. HAGGERTY TRUST, PLAINTIFF-APPELLANT,
v
PHILIP M. STEITZ, DOING BUSINESS AS PREMIER TIRE COMPANY, INC., DEFENDANT-RESPONDENT. 






GUSTAVE J. DETRAGLIA, JR., UTICA, FOR PLAINTIFF-APPELLANT. 
PAPPAS, COX, KIMPEL, DODD & LEVINE, P.C., SYRACUSE (P. DOUGLAS DODD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered December 10, 2018 after a nonjury trial. The order dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff, the lessor of a building, commenced this action to recover damages allegedly resulting from, inter alia, defendant's breach of a lease requiring defendant to obtain "[b]usiness liability and property damage insurance." After a nonjury trial, Supreme Court determined that plaintiff failed to establish by a preponderance of the evidence that defendant breached the lease by failing to obtain fire insurance, and the court therefore dismissed the complaint. We affirm. Contrary to plaintiff's contention, the lease is ambiguous with respect to the kind of insurance that defendant was required to obtain because the language used in the lease's insurance clause " is reasonably susceptible of more than one interpretation' " (Roche v Lorenzo-Roche, 149 AD3d 1513, 1514 [4th Dept 2017], quoting Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]). Because the lease is ambiguous, the parties were properly permitted to offer extrinsic evidence to establish their intent in using the language in the insurance clause (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]; Ames v County of Monroe, 162 AD3d 1724, 1726 [4th Dept 2018]). Upon our review of the record, we conclude that the court's determination is supported by "a fair interpretation of the evidence" (Cianchetti v Burgio, 145 AD3d 1539, 1541 [4th Dept 2016], lv denied 29 NY3d 908 [2017]; see Suprunchik v Viti, 139 AD3d 1389,
1390 [4th Dept 2016]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court